SIMMONS H. ISLER *v.* JOHN H. HADDOCK and others.

In an appeal to this Court by the defendant, who makes up a statement of the case and submits it to the plaintiff, who neither objects to the defendant's statement, nor gives notice that on account of a disagreement as to such statement, the presiding Judge will settle the same, the statement so made up by defendant, will be considered in this Court as the record proper.

If in such case, the Judge who presided at the trial below, has gone out of office, and the papers are lost, the only remedy is a new trial.

(*State* v. *Powers*, 3 Hawks, 376; *Hamilton* v. *McCullock*, 2 Hawks, 29, cited and approved.)

CIVIL ACTION, for the recovery of the possession of real estate, tried before *Clarke, J.*, at the Spring Term, 1872, of JONES Superior Court.

The facts upon which this case is decided, are fully set out in the opinion of Justice READE.

From a judgment in favor of the plaintiff in the Superior Court, the defendants appealed.

*Haughton*, for appellants.
*Isler*, contra.

READE, J.   There was a judgment for the plaintiff and the defendant appealed, and regularly made the statement of the case for this Court, and served it on the plaintiff.   No notice was given to the defendant of any objections to the case, as made out by him, and he was not notified, that because of a disagreement, the Judge would settle it; so that the defendant was entitled to have the statement of the case, made out by him, sent up with the record to this Court.   But instead of that, we have the certificate of the Judge, that the papers were lost, and as a substitute, he sends up a statement of the case made by himself.

That statement is not satisfactory to the defendant; and he

objects to the case being tried in this Court upon the statement, and moves for a new trial.

It would seem that ordinarily the proper way would be to remand the case, to the end that the defendant might again make out a statement and serve it on the plaintiff, and if they could not agree, let the Judge give notice, and settle it. But the difficulty in this case is, that the Judge, who tried the case, has gone out of office; so that there is no possible way to have the case made up.

In such case, the only remedy is a new trial. And for this, we have the precedents of *State* v. *Powers*, 3 Hawks, 376; *Hamilton* v. *McCulloch*, 2 Hawks, 29.

There is error.

PER CURIAM.                              *Venire de novo.*