WADE v. CITY OF NEWBERN.

Within certain limits, the parties may, by consent, waive the time of complying with the rules for perfecting an appeal, and the Supreme Court will respect such agrements between counsel, if they appear upon the record. If such agreement does not so appear, the Supreme Court will adhere to and enforce the rules prescribed in the Code of Civil Procedure.

(*Bryan* v. *Hubbs*, 69 N. C. Rep. 423, cited and distinguished from this.)

CIVIL ACTION, tried before *Clark, J.,* at Spring Term, 1874, of CARTERET Superior Court.

The plaintiff, Amos Wade, instituted an action in the Superior Court of Craven County to recover damages for the breach of a contract alleged to have been made between the plaintiff

and the defendant, the city of Newbern. The cause was sub-sequently removed to Carteret county.

Upon the trial a verdict was rendered in favor of the plaintiff, and the Court gave judgment accordingly. Whereupon the defendant appealed.

The case was decided in this Court upon a question of practice, which is fully set out in the opinion of the Court.

*Smith & Strong,* for defendant.
*Green,* for the plaintiff.

BYNUM, J. The law cannot be well administered without rules, and the very purpose of the Code of Civil Procedure is to establish a system of rules which are supposed to be the most conducive to the certain and speedy administration of justice. But it would be destructive of this end if the Court should fail to recognize and enforce the regulations as set forth in C. C. P. for the right government of civil actions in all stages of their progress.

The Code has provided how appeals may be taken and perfected, with as much precision as it has provided for the previous stages of the action, by complaint, answer, demurrer, &c. These provisions are contained in C. C. P., sections 299 to 314, and are briefly as follows:

1. The prayer of appeal and notice, which must be within ten days from the rendition of the judgment in Court.

2. The statement of the case by the appellant, which must be made and copy furnished, within five days from the entry of appeal.

3. The exceptions, if any, and return of the case by the respondent, to the appellant, which must be within three days from the statement of the case, and copy furnished.

4. If exceptions are filed to the case as stated, by the appellant, the Judge shall appoint a time for settling the case within the judicial district which shall not be more than twenty days from the time of filing the exceptions.

5. The Judge shall, then, within five days, settle the case and file a copy with the Clerk.

6. Within twenty days from that time, the Clerk shall make up and transmit the judgment roll, to the Clerk of the Supreme Court. So that after giving the parties every delay in perfecting the appeal which the code allows to the most captious, the whole period of time, from the rendition of judgment to the transmission of the judgment roll to the Supreme Court, is sixty-three days. But by C. C. P., sec. 203, " to render an appeal effectual for any purpose, in a civil cause or special proceeding, a written undertaking must be executed on the part of the appellant, with good and sufficient sureties, &c." Unquestionably this undertaking, or appeal bond, must be filed before the transmission of the case to the Supreme Court, as clearly appears from sec. 314, *a*, which requires the undertaking to be made a part of the record sent up, on which judgment will be there rendered, when judgment is given against the appellant.

But the appeal bond must be given at a much earlier stage of the appeal. The law requires no vain thing, and therefore will not require the respondent or the Court, to take the time and trouble of settling the case, on appeal, leaving it with the appellant, to refuse to file the undertaking afterwards, as it may suit his interests or caprice. This clearly appears from sec. 310, which provides that the respondent may except to the sufficiency of the surety on the undertaking, *within ten days* after the notice of appeal. As this notice of appeal, by sec. 101, is to be given within ten days from the rendition of the judgment, it thus appears that the undertaking is to be filed within ten days after the judgment is appealed from, and that the filing of the undertaking and contemporaneous notice, constitute the foundation of the appeal. As without the undertaking, the appeal is nought, so in effect the Code says you must file your bond and give notice of appeal within ten days, or the respondent may proceed to secure the fruits of his judgment. The appellant is allowed ten days to file his appeal

bond, by the indulgence of the law, which will not take advantage of the poverty of the appellant or his inability to find sureties on the spot, but will allow him ten days to perfect the undertaking, within which time he will be able, if ever, to procure sureties.

Such seem to be the rules which govern the prosecution of appeals to this Court, as established by C. C. P.; rules which seem reasonable, as they exact no greater degree of vigilance than is required for the deliberate, orderly and sure administration of justice in the Courts.

Within certain limits the parties may, by consent, waive the time of complying with the rules for perfecting an appeal, and this Court will respect such agreements between counsel, if they appear on the record. But unless they do so appear, this Court must respect the provisions of the Code, by adhering to and enforcing the rules there prescribed for the government of appeals.

As the record before us shows not only that the undertaking was not filed within the ten days from the rendition of judgment, as the Code requires it to be done, but not until six months thereafter, without any legal excuse for the delay, appearing to this Court, the appeal must be dismissed. As, however, the appellant may have such an excuse for the delay as will constitute an exception to the rule, he has leave, upon laying a proper foundation therefor, before this Court, to move for a *certiorari*, to bring up the case for hearing, as on appeal.

The case of *Bryan* v. *Hubbs*, 69 N. C. Rep., 423, has no application in this case, because, there, the question was, not as here, when the undertaking on the appeal should be filed, but the question was, as to the undertaking and proceedings which were necessary to suspend the execution, after the appeal had been perfected.

PER CURIAM.                              Appeal dismissed.