J. M. HUTCHISON v. RUMFELT, and another.

*Appeal, dismissal of—Rule of Court, construed.*

1. An appeal will not be dismissed because a case was not prepared and served on the appellee, where it appears of record that the facts contained in the judge's statement were assented to by the parties.

2. Under the rule of this court, motions to dismiss appeals may be made "at or before the calling of the case," which is construed to mean—at or before the time when the case is taken up and heard. And an objection to any irregularity in the appeal, not extending to the subject matter, must be taken before the trial is entered upon.

3. An appeal will be dismissed on motion of the appellee, where the

. requirements of the statute for perfecting it not are complied with. (See *Sever* v. *McLaughlin, ante,* 332.)

(*Wallace* v. *Corbett,* 4 Ired., 46 ; *Arrington* v. *Smith, Id.,* 59 ; *Robinson* v· *Bryan,* 12 Ired., 183 ; *Wade* v. *Newbern,* 72 N. C., 498, cited and approved.)

CIVIL ACTION heard in GASTON county at Chambers on the 26th of February, 1879, before *Schenck, J.*

His Honor in the court below, upon the agreement of the parties to this suit, found the facts which were deemed essential to present the points involved, and from his ruling thereon, both sides appealed. The case was disposed of on motions made in this court, rendering it unnecessary to set out the facts found.

*Messrs. John E. Brown* and *G. V. Strong,* for plaintiff.
*Messrs. A. W. Haywood* and *Reade, Busbee & Busbee,* for defendant.

SMITH, C. J.   The motions in the cause were heard upon facts found by His Honor and assented to by the parties, at chambers on February 26, 1879, and from the rulings thereon, both appeal. The defendant moves to dismiss the appeal of the assignee on two grounds ; first, for want of a case prepared and served on the appellee, McLean, alone interested in the subject matter of the appeal ; and secondly, because no appeal bond was filed within the time limited by law.

The first ground is untenable since the facts constituting the case on appeal were agreed on and in writing at or before the hearing. It was not open to corrections by either, and therefore does not come within the rule.

The second ground assigned sustains the motion, unless the appellee by laches has lost the right to make it. This is maintained by the appellant upon the authority of *Wallace* v. *Corbett,* 4 Ired., 46 ; *Arrington* v. *Smith, Id.,* 59, and

*Robinson* v. *Bryan,* 12 Ired., 183. An examination of the cases show that they do not support the proposition. In the first case, it was declared to be too late to make the motion after the cause had been moved to another county, and had there remained for three years, and an ineffectual bond had been given. In the second case, two years had elapsed and witnesses on both sides had been summoned and costs incurred, and the motion was not entertained. In the last case, the facts were substantially the same, witnesses were summoned and the cause was depending for two years, and the defect in the bond was the omission of the name of the obligee, and the court refused to dismiss. In all the cases, laches in making the motion was imputed to the appellee, and for this reason his motion was denied. The same reasons do not apply with equal force to proceedings pending in this court, where causes are taken up in regular order, and preliminary motions, while allowed to be entered, are not then disposed of, unless, as when a writ of *certiorari* is wanted to supply or correct an imperfect record, some preliminary order is needed preparatory to the trial. Nor do costs accumulate here by delays as in jury courts.

But the appellant insists that inasmuch as the transcript was filed at the last term, and when reached the case was continued for the absence of counsel, and again, upon the first call of causes in the sixth district, was put to the foot of the docket of the district, the motion is not made, " at or before the calling of the case," as required by the rules adopted by this court, and cannot be entertained. RULES— *Appeals,* § 5, 80 N. C., 489. The rule is in these words : " A motion to dismiss an appeal for want of notice of appeal, or for want of compliance with other provisions of law required in perfecting an appeal, can only be made at or before the calling of the case." But we do not understand the rule in this restricted sense, nor has such been its practical construction. The case is not called when passed over for

the absence of counsel, within the meaning of the rule, but is *effectually called* when taken up and heard. A preliminary objection resting upon an irregularity in the manner, time or form of taking and perfecting the appeal, and not extending to its subject matter, must be taken before the trial is entered upon, and if not, will not be entertained during its progress. This is a reasonable and proper requirement, and this, the purpose of the rule. The motion therefore is not too late, and as the court, guided by the decision in *Wade* v. *City of Newbern,* 72 N. C., 498, have frequently since decided, the appeal will be dismissed when the requirements of the statute for perfecting it are disregarded. *Sever* v. *Mc-Laughlin* and *Wadsworth* v. *Carroll, ante,* 332, 333. The appeal is dimissed.

PER CURIAM.                              Appeal dismissed.