RACHEL JONES v. R. C. HOLMES and another.

*Loss of Court Papers—New Trial.*

It was agreed between the parties to an appeal that the judge who presided at the trial should settle the case notwithstanding he had gone out of office, but he failed for more than a year to do so, (by reason of his absence in a foreign country) and finally the papers were lost : *Held*, that a motion by the appellee, after that lapse of time, to allow the same judge to make out the case was properly refused by the appellant on the ground that he could not recall the facts attending the trial without the aid of the lost papers ; and that, under the circumstances, the appellant was entitled to a new trial.

(*Isler* v. *Haddock*, 72 N. C., 119 : *Sanders* v. *Norris*, 82 N. C., 243, cited and approved.)

PETITION for *Certiorari*, heard at June Term, 1880, of THE SUPREME COURT.

Messrs. *J. L. Stewart*, *B. Fuller* and *Guthrie & Carr*, for plaintiff.
Messrs. *Merrimon, Fuller & Fuller*, for defendants.

DILLARD, J.   This was an action to recover real property, and was brought to trial and a judgment recovered by the plaintiff before Judge Moore at the spring term, 1878, of Cumberland superior court.   The defendants appealed from the judgment and perfected the same by entry thereof on record, by notice and by the execution of bond to secure the costs on appeal, and for stay of execution as required by the law in that case made and provided, and they prepared a statement of the case and served the same on the plaintiff.

To this statement of the case the plaintiff did not assent, but returned the same with specific amendments and objections, and the parties being unable to agree on a case, they sent the papers to the judge, whose term of office very

soon thereafter expired, with an agreement that notwithstanding he should settle the case for the supreme court. But the judge failed to do so, and was absent from the country for some time on a visit to Europe, and by the time of his return the papers sent him were lost or mislaid, so that he could not make out a statement.

In this state of things the plaintiff served on defendants' counsel in September, 1879, a written motion of her readiness to accept a new case and inviting them to prepare one so that if it was not acceptable, Judge Moore might still make out the case as originally agreed on, but defendants failed to do as requested. And now on the record being brought up to this court upon a writ of *certiorari*, all the facts above recited being admitted, the defendants moved for a new trial, alleging that they have lost their appeal without any default on their part, and the plaintiff resists the motion on the ground of the refusal of the defendants to make out a new case as requested.

In this situation we would be inclined to remand it and put the duty on the defendants to serve another case on the plaintiff and have the judge to settle it, in case of disagreement of the parties, but the judge having gone out of office, it cannot now be so done. The defendants appear to have been diligent to perfect their appeal, and the failure to make out a new case, when notified to do so, at the distance of more than a year after the trial, ought not to deprive them of the favorable consideration of the court, as by that time it may be reasonably supposed, and so the counsel of appellant stated to be the fact, the papers furnished the judge being lost, that they had forgotten the incidents of the trial and could not so make out a case as to fairly present their exceptions.

All we can do is to award a new trial upon the precedents of *Isler* v. *Haddock,* 72 N. C., 119, and *Sanders* v. *Norris,* 82

N. C., 243, and the cases therein cited, and it is so ordered. Let this be certified.

. PER CURIAM.　　　　　　　　　　　　　*Venire de novo.*