E. C. CHASTAIN v. S. P. CHASTAIN and others.

## Certiorari—Appeal

A *certiorari* stands upon the same footing as an appeal. The case of *Bryson* v. *Lucas,* 85 N. C., 397, in refence to the statute requiring the justification of sureties to the bond in such case, is approved, but a wish expressed by the court that the legislature will relax the stringent requirements of the statute.

(*Estes* v. *Hairston,* 1 Dev., 354; *Hutchison* v. *Rumfelt,* 82 N. C., 425; *Bryson* v. *Lucas,* 83 N. C., 397, cited and approved.)

CIVIL ACTION tried, upon a demurrer to the complaint, at Spring Term, 1881, of CLAY Superior Court, before *Bennett, J.*

Judgment overruling the demurrer was rendered by the court, but by reason of matters beyond their control the defendants were prevented from taking their appeal in time, and at the October term, 1881, of this court they made ap-

plication for a writ of *certiorari*, and the same was granted and issued returnable on the first Monday of April 1882.

There was a return to the writ and the cause docketed on the 6th day of April, 1882, and continued at that term because not reached on the call of the docket.

When called for trial at this term, the plaintiff moved to dismiss upon the ground that the bond which the defendants had given, was not justified according to the statute. This motion the defendants resisted upon the ground :

1. That though the record sent was attached to the writ of *certiorari*, it did not in terms purport to have been sent in obedience thereto, and so might be disowned by the defendants and an *alias* writ asked for.

2. That as the case was docketed and stood for trial at the last term, the motion to dismiss should have been made at that time, and not being made then, it is now too late.

. *Messrs. G. A. Shuford* and *Gray & Stamps*, for plaintiff.
*Messrs. Merrimon & Fuller*, for defendants.

RUFFIN, J. The court feels constrained, though reluctant, to yield to the plaintiff's motion to dismiss. A *certiorari*, being but a substitute for an appeal, can only be allowed upon the same terms as are prescribed for it, and must be attended by like security. *Estes* v. *Harrison*, 1 Dev. 354.

The defendants having, themselves, recognized the record sent from the superior court as a return to the writ of *certiorari* issued from this court, and as such procured the same to be docketed, it is now too late to disclaim it. Besides this, it is attached to and associated with the writ, and it is impossible to avoid knowing that it was sent in obedience to the writ and as a return thereto.

As decided in *Hutchison* v. *Rumfelt*, 82 N. C., 425, a motion to dismiss an appeal for irregularity may, under the rule of this court, be made at the time when the cause is

called for trial, though it may have been on the docket at a previous term and continued for want of time to try it.

It is much to be hoped that the legislature will, in some way, relieve the court and the parties from the present stringent requirements of the law with reference to appeals.

The terms of the statute are so plain that we could give them no other interpretation than the one adopted in *Bryson v. Lucas,* 84 N. C., 397, and yet we are painfully conscious, at times, of its doing injustice to parties.

The motion to dismiss is allowed.

PER CURIAM.                               Motion allowed.