\*CATHARINE G. SHELTON v. SARAH L. SHELTON.

*Appeal—New Trial where Judge retires from office.*

Where a judge goes out of office before preparing a case on appeal, a new trial will be awarded unless the parties agree upon a statement of the case. The *certiorari* applied for is granted to afford the parties an opportunity to adjust their differences in the premises.

PETITION for *certiorari* heard at October Term, 1883, of THE SUPREME COURT.

*Mr. Armistead Jones,* for plaintiff.
No counsel for defendant.

SMITH, C. J. The facts disclosed in the affidavit of the plaintiff's counsel, to which no opposing evidence is offered, are, that separate statements of the case on appeal, prepared for the respective parties, were delivered to the judge who tried the cause, for his adjustment of the differences between them. He transmitted to the clerk a statement of his own, omitting one or more of appellant's exceptions to the rulings which were intended to be brought up for review, without giving notice to the parties or affording them an opportunity of being heard before his final action. The retirement of the judge from office prevents the perfecting the appeal in the mode prescribed by the statute, and would, in the absence of any case, render unavoidable the award of a new trial. This necessity may be avoided by the appellee's assent to the filing of the appellant's case, as part of the record and the appeal then heard upon it. We therefore grant the application for the writ of *certiorari,* to the end that an opportunity may be offered to the parties to file the appellant's case, without addition or change, to come with the record in

---

\*Mr. Justice MERRIMON, having been of counsel, did not sit on the hearing of this case.

response to the requirements of the writ, and this can only be with the assent of the appellee.

Let the writ issue as prayed for on the terms prescribed by law.

PER CURIAM.                                              *Certiorari* ordered.