THOMAS L. NICHOLS and others v. R. J. DUNNING.

*New Trial not ordered, when—Judge of Superior Court going out of office.*

A new trial will not be granted where it appears that the papers constituting the record of a case in the court below were carried off by the judge and mislaid, and the judge has gone out of office. The appellant should first make an effort to have the papers returned to the court below, for until the filing of a transcript of the record here, the application for a new trial cannot be entertained.

(This case does not fall within the provisions of section 550 of THE Code or the rule laid down in the cases cited). ·

(*Isler* v. *Haddock*, 72 N. C., 119; *Mason* v. *Osgood, Ib.* 120; *Simonton* v. *Simonton*, 80 N. C., 7; *Jones* v. *Holmes*, 83 N. C., 108; *Shelton* v. *Shelton*, 89 N. C., 185, cited and approved.)

MOTION for a new trial heard at October Term, 1884, of THE SUPREME COURT.

*Messrs. Coke, Martin & Peebles*, for plaintiffs.
*Messrs. D. C. Winston* and *Hinsdale & Devereux*, for defendant.

SMITH, C. J. Upon the rendition of judgment against the defendant at spring term, 1882, of Bertie superior court, he entered his appeal and prepared and served a copy of the case on appeal, in which the errors complained of are assigned, upon the plaintiff's counsel, who, not satisfied therewith, served a counter-statement on defendant's counsel.

These were delivered to the presiding judge to settle, who carried them, with all the other papers in the cause, away when he left the county, and none have ever been returned by him. He retired from office early in July following by resigning.

At the term of this court next thereafter the defendant applied for a writ of *certiorari* setting out the foregoing facts and it was awarded. Several other writs successively issued to the clerk of the superior court, to none of which, except the last, was any return made, and in this the response is that the papers were all carried away by the judge and have never been returned, and that they are lost or mislaid. In consequence of their absence he has been unable to copy and transmit the transcript of the record.

Upon this return, appellant's counsel move for a new trial, assuming that no case has been settled by the judge

and none now can be, because he has ceased to hold office, and no relief is afforded by the recent statutory amendment which extends the authority of the judge, though out of office, within sixty days after the termination of a special term or after the courts of the district, in which the appeal was taken, have ended, to adjust the differences between counsel and settle the case on appeal. THE CODE, § 550.

The practice is settled in numerous decisions to grant a new trial, when, from no default of the appellant, no assignment of errors accompanies the record, and the omission cannot be supplied by reason of the retirement from office of the presiding judge upon whom the duty of adjusting the differences of counsel devolves. *Isler* v. *Haddock,* 72 N. C., 119; *Mason* v. *Osgood, Ib.* 120; *Simonton* v. *Simonton,* 80 N. C., 7; *Jones* v. *Holmes,* 83 N. C., 108; *Shelton* v. *Shelton,* 89 N. C., 185.

It thus appears that the papers are in the possession of the judge, unless lost or destroyed, and it may be that upon their restoration to the clerk's office, the case on appeal prepared by him may be found. At least some effort should be made to cause their return, so that the supposed omission to settle it may be seen, before annulling the whole proceeding by the award of a new trial.

But an insuperable obstacle to the present motion is in the fact that until the filing of the transcript of the record here, no cause is constituted in the appellate court, and no order affecting its merits can be made. The jurisdiction can be acquired only by the removal of the record in the court below by an appeal, or under the command of the writ of *certiorari* as a substituted method of bringing it up. Until this is done we cannot take cognizance of the cause and make any disposition of it. Our power is to cause the record to be sent up, and when there is none from which the transcript can be made, as is said in the clerk's return, it is obviously first required to have the original papers

necessary to this end restored to the office; or copies of such as are destroyed or lost supplied and substituted in place of the originals, under the direction of the court to which they belong. Until this is done, and the record then transmitted, no remedial action can be here had, such as is demanded by the petitioner. The motion for a new trial is denied.

Motion denied.