ARTHUR COLLINS, Executor, et als. v. HENDERSON FARIBAULT.

*Appeal—To What Term Must be Taken—Certiorari.*

1. An appeal must be brought to the term of the Supreme Court that comes next after it was taken.

2. If an appeal is not brought to the proper term of the Supreme Court, on good cause shown, a *certiorari* will be granted.

MOTION by the defendant to dismiss an appeal from the Superior Court of CHOWAN county, heard at February Term, 1885, of the Supreme Court.

The facts appear in the opinion.

*Messrs. Reade, Busbee & Busbee,* for the plaintiffs.
*Messrs. Pruden & Vann,* for the defendant.

MERRIMON, J. The appellees move to dismiss the appeal in this case upon the ground that it was not brought to the term of this Court that came next after it was taken.

It appears that the appeal was taken at the Spring Term, 1884, of the Superior Court of Chowan county; that it was not brought up to the last October Term of this Court, nor until the 25th day of January of the present year, when it was docketed here.

It is settled that an appeal must be brought to the term of this Court that comes next after it was taken, or if for any cause it does not then come up, some appropriate steps must be taken during that term to bring it up, otherwise the appeal will be lost entirely, unless, for good cause shown, it shall afterwards be brought up by the writ of *certiorari.*

It appears from a memorandum in the record that time was granted by the Court until the first day of the last October Term of this Court, within which to perfect the appeal, and this leave was granted by consent of parties. It is insisted that therefore the appeal stood over and properly came to the present term of this Court. If, by consent, such an arrangement could be made (and this is not conceded), it is very plain that it was contemplated by the Court in granting the leave, that the appeal was to be perfected and brought up to the last October Term, when in the order of procedure, it ought to have been brought up.

The appellee had a right to have the appeal heard and determined at the last term, unless for good cause it had been continued. As it was not then brought up, he now has the right to have the appeal dismissed. Neither the terms nor the spirit of the leave given to perfect the appeal within the time specified, were complied with, nor were the requirements of the law observed.

Indeed, the undertaking upon appeal was not given until the 25th of January of the present year. The motion to dismiss the appeal must, therefore, be allowed.

*Appeal dismissed.*