THE BOARD OF COMMISSIONERS OF GREENVILLE v. THE OLD DOMINION STEAMSHIP COMPANY.

*Appeal—Certiorari—Excusable Neglect—New Trial.*

1. It is the duty of an appellant to have the transcript of the record on appeal docketed in the Supreme Court at the term thereof next after the rendition of the judgment from which he appealed.

2. If the appellant has been unable to perfect his appeal within the time required, through no fault of his own, but through that of the appellees or the Court, or the clerk, he is entitled to the writ of *certiorari*.

3. If, through no fault or negligence of the appellant, it becomes impossible to settle the case on appeal, a new trial will be ordered.

(*Collins* v. *Faribault*, 92 N. C., 310; *Pittman* v. *Kimberly*, Ibid., 562; *Suiter* v. *Brittle*, 90 N. C., 19; *Isler* v. *Haddock*, 72 N. C., 119; *Mason* v. *Osgood*, Ibid., 120; *Simonton* v. *Simonton*, 80 N. C., 7; *Adams* v. *Reeves*, 74 N. C., 106; *Jones* v. *Holmes*, 83 N. C., 108; *Sanders* v. *Norris*, 82 N. C., 243, *State* v. *Powers*, 3 Hawks, 376, and *Hamilton* v. *McCullock*, 2 Hawks, 29, cited and approved).

This is a CIVIL ACTION, which was tried before *Philips, Judge,* at June Term, 1886, of PITT Superior Court.

There was judgment for the plaintiff, and the defendant appealed.

At February Term, 1887, of the Supreme Court, the appellant made an application for the writ of *certiorari*, in aid of its appeal. The Court then delivered the following opinion :

No counsel, for the plaintiff.

Mr. *W. B. Rodman, Jr.*, for the defendant.

DAVIS, J.   This is an application for the writ of *certiorari*, as a substitute for a lost appeal.   The adverse counsel accepted notice of it, but have failed to appear before us and oppose it.

It appears from the affidavits filed, that the action of the *Commissioners of Greenville* v. *Old Dominion Steam Ship Company*, was tried at the June Term, 1886, of the Superior Court of the county of Pitt; that there was judgment in favor of the plaintiffs, from which the defendant appealed to this Court, and the case stated on appeal was duly prepared and served upon the counsel of the appellees.   At their instance, and for their convenience, the time was extended—not for any fixed period within which they might make objections to the case stated on appeal—and they agreed that no objection should be taken on that account, if the appeal failed to reach this Court at the last October Term thereof. No such objections were made until the 15th of January of the present year, when the appellant's counsel were served with very material objections to the case as stated by them.

It also appears that the clerk of the Court refused to send up a transcript of the record of appeal, although the appellant's counsel tendered him the fees due him in that respect.

The appeal ought regularly to have been brought to the last October Term of this Court.   As it was not, it was lost, and we would be strongly disposed to refuse to grant the writ of *certiorari* as a substitute for the appeal so lost, but for the fact that the delay was allowed at the request of the appellees, and for the ease and convenience of the counsel. It would not be just to allow them to have benefit of their own laches, and therefore we are of opinion that the failure to bring up the appeal regularly is excusable.   It would be otherwise if the failure had been for the convenience of the

appellant. That the appeal was not brought up to the last October Term without the case settled on appeal, as ought to have been done, if need be, is excusable, on the ground of the refusal of the clerk to furnish the transcript of the record, as plainly he ought to have done. *Collins* v. *Faribault,* 92 N. C., 310; *Pittman* v. *Kimberly, Ibid.,* 562; *Suiter* v. *Brittle,* 90 N. C., 19.

The appellees were not allowed by the agreement to extend the time for making objections to the case stated on appeal, to have but a reasonable extension, as no definite period was fixed. They did not make objections until after the lapse of more than six months! Manifestly, they did not do so within a reasonable time, and they must have been held to have made none at all.

The writ of *certiorari* must issue, directed to the clerk of the Superior Court of the county of Pitt, commanding him to certify to this Court a true transcript of the record in the action in that Court above mentioned, including the case stated on appeal by the appellant's counsel therein. Let the writ issue.

———

Upon the return of the writ of *certiorari* to this Term, the following opinion was delivered:

DAVIS, J. There was a judgment in favor of the plaintiff, from which the defendant appealed to this Court, of which he gave due notice, and filed the undertaking required. The clerk of the Superior Court refused to send up the transcript, for the reason given by him, that there was no case on appeal signed by the Judge.

Upon affidavits filed, a *certiorari* was awarded at the last Term of this Court, and in return thereto a transcript of the record has been sent up without any statement of the case.

It is shown by affidavits that a statement of the case, as required by the law regulating appeals, was made up in apt time by the counsel for the appellant, and duly served on the counsel for the appellee ; that it was not returned within the time prescribed ; that at the request of one of the counsel for the appellee, it was agreed that no advantage should be taken of any delay, and that if it did not get to the Supreme Court in time for the October Term, it should be placed on the docket at the February Term, and that the appellee should have a reasonable length of time to file exceptions to appellant's statements.   Counsel for the appellee retained the statement of the case till January, 1887, when it was returned by one of the counsel for the appellee to one of the counsel for the appellant, with a counter statement, which was not agreed to ; and on the second Saturday of the January Term, 1887, of Pitt Superior Court, the counsel gave the case on appeal, with the counter statement, to one of the counsel for the appellee.

Repeated applications were made to appellee's counsel, and to each of them, for the case on appeal, with the response that they had been unable to find it, though they had looked therefor.   It further appears from information, that owing to the lapse of time, the Judge who tried the cause has forgotten the exceptions made, and that it would be impossible to get a new case on appeal correctly stated.   It appears that the defendant has been active and vigilant in efforts to get the statement that was lost, as appears from the affidavits by some one of the counsel for the plaintiff, and that it is now impossible to prepare a substitute.

The defendant is entitled to his appeal—it was lost by no laches on his part of which the plaintiff can complain.   Has he any remedy?   To remand it would be in vain, for it appears that it would be impossible for the Judge to settle it upon disagreement.

This Court has on several accasions awarded new trials

when the Judge below has gone out of office without settling the case on appeal, and the appellant was guilty of no laches. There is no other way by which the appellant can have the benefit of an appeal. *Isler* v. *Haddock,* 72 N. C., 119 ; *Mason* v. *Osgood, Ibid.,* 120 ; *Simonton* v. *Simonton,* 80 N. C., 7 ; *Adams* v. *Reeves,* 74 N. C., 106 ; *Jones* v. *Holmes,* 83 N. C., 108 ; *Sanders* v. *Norris,* 82 N. C., 243.

In *State* v. *Powers,* 3 Hawks, 376, it appears that the notes of the trial had been lost, whereby the Judge was unable to state the case, and a new trial was granted. See also *Hamilton* v. *McCullock,* 2 Hawks, 29.

In this case the appellant is entitled to a new trial.

*Venire de novo.*