THOMAS J. NICHOLLS et al. v. R. J. DUNNING.

*Appeal—Certiorari—Lost Record.*

Where it appears from the return of the writ of *certiorari* that the original record has been lost or destroyed, so that a transcript cannot be made, the Supreme Court will not direct further action until the record is restored or substituted.

(See same case, 91 N. C., 4.)

NICHOLLS *v.* DUNNING.

This is an APPLICATION FOR THE WRIT OF CERTIORARI, to be directed to the Clerk of the Superior Court of Bertie County, commanding him to send up a transcript of the record in this cause, which had been tried at the Spring Term, 1882, before *Bennett, J.*

It was heard upon petition, answer and affidavits.

The action was tried at Spring Term, 1882, and upon the verdict, judgment was rendered for the plaintiff, and the defendant appealed. To prepare the case on appeal, the original papers passed into the hands of the Judge. Other papers, among which were the defendant's exceptions to the ruling and the case prepared by his counsel and a copy served on plaintiff's counsel, were afterwards transmitted to him by mail. The papers not being returned, and the Judge retiring from office in July following, application was made for a writ of *certiorari* and granted, and successive but ineffectual writs were issued to the Clerk of the Superior Court to compel the sending up of a transcript of the record, to the last of which a return was made to the effect that the papers were carried away by the Judge, and had never been sent back. Therefore at October Term, 1884, the plaintiff moved for a new trial, which was refused because no effort appeared to have been made to cause their restoration to the office. All this appears in the case as reported in 91 N. C., 4.

In the present renewed application, it is stated that while repeated efforts were made to the Judge to procure the papers, and the answer was that they were lost or mislaid, he announced to defendant's counsel that they had been found and would be forwarded. This was in the fall of 1886. This was not done, and upon another application an answer under date of April 23, 1887, came, in which it was stated that they were again mislaid, and a search would be made to discover them. His next letter, written on October 3, 1887, said they were found and transmitted to the Clerk, and about Novem-

ber 20th a package containing some of the papers was received.

The response made by one of the plaintiffs is that the papers, without the retention of copies in the office to replace them in case of loss, were taken out by one of defendant's counsel and sent to the Judge, and that in consequence of their absence the plaintiffs instituted proceedings to replace them with copies, which were resisted by defendant's counsel, and after successive continuances, it appearing that the papers had been found, dismissed.

*Mr. R. B. Peebles*, for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the case). From this narrative of facts it is manifest that the fault lies not at the door of the appellant, and that the inability to make up the record was in consequence of the absence of the original papers in the hands of the Judge who tried the cause. But that a proper effort had not been made to obtain their restoration a new trial might have been awarded, as intimated in the opinion upon the hearing of the former application, and upon the authority of the cases therein referred to. " Our power," say the Court, "is to cause the record to be sent up, and when there is none from which the transcript can be made, as is said in the Clerk's return, it is obviously first required to have the original papers necessary to this end restored to the office; or copies of such as are destroyed or lost supplied and substituted in place of the originals, under the direction of the Court to which they belong. Until this is done, and the record then transmitted, no remedial action can be here had such as is demanded by the petitioner."

Upon this intimation, after numerous efforts by direct application to the Judge, a part of the papers has reached the

office, and this is a basis upon which the writ may be awarded.

While it is attended with great inconvenience for a Judge to carry off the papers, or that they be sent to him because of his omission to act upon the appeal during the sitting of the Court, it has been so common a practice that we are not disposed to regard it as involving such culpability in counsel as to deny to the client a right lost by the action of the Judge, especially when not opposed.

The writ will issue, and we reserve further action until the record is sent up, and it may be in so mutilated a form as not to warrant our determining the matter involved in the appeal.                            Writ granted.