J. B. WILLIAMSON et al. v. JOHN S. BOYKIN et al.

*Certiorari—Laches.*

·The writ of *certiorari* will not be granted where the petitioner failed to perfect his appeal by reason of an agreement between the parties that lapse of time should not deprive him of the appeal, if they failed to compromise the matter, and it was alleged by the respondent, but not denied by the petitioner, that a compromise was effected.   The writ is allowed when the petitioner is guilty of no laches, or has been misled by the opposing party.

PETITION of defendants for a writ of *certiorari*, heard at February Term, 1888, of the Supreme Court.

*Messrs. F. A. Woodard* and *W. C. Munroe*, for the plaintiffs.
*Messrs. H. F. Murray* and *G. V. Strong*, for the defendants.

MERRIMON, J.    This is an application for the writ of *certiorari* as a substitute for an appeal lost.

It appears that the respondents obtained judgment in an action lately pending in the Superior Court of the County of Wilson, at the Fall Term thereof of 1886, for the recovery of the land described in the complaint for damages and costs.    The defendants in that action, the present petitioners, took an appeal from that judgment and notice thereof was waived and they were allowed thirty days within which to perfect their appeal, but they never did so.

They allege in the sworn petition, that they did not perfect their appeal because they and the plaintiffs in the action, by common consent, undertook to compromise the matter in dispute embraced by the judgment with a view that they might abandon their appeal, and it was agreed between the parties that lapse of time should not deprive the petitioners of their appeal if a compromise should not be effected; that afterwards the respondents refused to allow them to perfect their appeal as of the proper time, and thus they lost the same.

The affidavits produced by the respondents tend strongly to show that the plaintiffs in the action mentioned and the defendants therein—the present petitioners—did effect a compromise, certainly to some extent and perfect the same. The evidence leaves no doubt upon our minds as to this, and that the petitioners paid the judgment mentioned, less fifty dollars, the sum agreed to be abated and the costs. Very strangely while the petitioners allege that a compromise was contemplated they make no reference to a compro-

mise made; nor do they offer any explanation in respect thereto; nor do they deny in their petition that a compromise was made, as alleged by the respondents.

The affidavit of their counsel simply states without explanation that no compromise was effected. It seems that he derived his information from his clients. Some compromise was made and the petitioners paid the money in pursuance of it, as above stated. If it was only partial they should have so alleged and made the fact manifest. As they did not, it must be taken, under the circumstances, that they could not. They ought, at least, to have offered some explanation in such respect and they failed to do so.

The writ of *certiorari* as a substitute for an appeal lost, as alleged in this case, will be granted only when the petitioner shows that he has been diligent and there has been no laches on his part in respect to his appeal, and further, that his failure to take and perfect the same was occasioned by some act or misleading representation on the part of the opposing party, or some other person or cause, in some way connected with it not within his control.

The writ will be granted or refused in the sound discretion of the Court and as we are clearly of the opinion that the petitioners fail to show such merits as entitle them to the relief prayed for. The petition must be dismissed.

It is so ordered.