J. F. GRAVES, Administrator, v. M. B. HINES et al.

*Certiorari—Uncontroverted Facts—Dispute of Counsel— Laches—Excusable Neglect—Appeal Bond.*

1. Where there is a controversy between counsel in regard to oral agreements by which legal rights are waived, this Court will not determine them; and in an application for *certiorari*, unless enough uncontroverted facts appear, the Court will not grant the writ.

2. But when a party is deprived of his right of appeal without his *laches*, he is entitled to a *certiorari* as a substitute for an appeal; and also when he has been misled by statements of the adverse party, and there has been mistake, inadvertence, surprise or excusable neglect; but the appellant must show due diligence on his part.

3. Where it appears, from the undenied facts, that there was a reasonable misapprehension on the part of appellant, a *certiorari* will be granted.

4. The petitioner stated that he employed counsel, and was informed by him that time was given to perfect his appeal, and on this account he omitted to perfect it in time. The plaintiff appellee admitted that petitioner "understood he was to have time to perfect the appeal": *Held*, in such case, the writ of *certiorari* should be granted.

5. The same cause that excused failure to perfect the appeal excused the failure to file appeal bond. But undertakings on appeal are now governed by the Act of 1889, ch. 135.

This was an APPLICATION to the Superior Court of SURRY County by the plaintiff, administrator of A. Hines, deceased, to sell real property of the decedent to make assets to pay deb's, and heard on appeal from an order of the Clerk, granting license to sell, &c., before *Gilmer, J.*, at November Term, 1889, of said Court.

There was a judgment for the plaintiff, and the defendants appealed to this Court, but failed to perfect their appeal within the time limited by law, and this is an application for a writ of *certiorari* as a substitute therefor.

Affidavits of counsel on both sides are filed, and counsel for plaintiff and defendants do not agree in regard to the question as to time being granted to perfect the appeal.

*Mr. R. L. Haymore,* for plaintiff.
*Mr. John Devereux, Jr* , for petitioner.

DAVIS, J.: This Court has often held that where there are controverted facts between counsel in regard to oral agreements or understandings by which there is an alleged waiver of legal rights, it will not pass upon the conflicting affidavits; and if, in applications for a *certiorari,* based upon such oral agreements, the appellant is not entitled to the writ upon the uncontroverted facts, it will be denied. But in *Skinner* v. *Maxwell,* 67 N. C , 257, it is said that where a party is deprived of the right of appeal, "without his *laches,* he is entitled to a *certiorari* as a substitute for an appeal." And it has been frequently held since, that while the general rule is that this Court will not grant writs of *certiorari* where the statutory requirements have not been complied with, yet where there has been a waiver by written agreement, or by an undenied oral agreement, the writ will be granted. It is also held that within the spirit of the provision in section 274 of *The Code,* in regard to "mistake, inadvertence, surprise or excusable neglect," the writ will issue when the appellant has been misled by the adverse party. *Parker* v. *Railroad,* 84 N. C., 119; *Commissioners* v. *Steamship Co.,* 98 N. C., 163, and cases cited; *Williamson* v. *Boykin,* 99 N. C., 238. In the last cited case it is said: "The writ of *certiorari,* as a substitute for an appeal lost, as alleged in this case, will be granted only when the petitioner shows that he has been diligent, and there has been no *laches* on his part in respect to his appeal, and further, that his failure to take and perfect the same was occasioned by some act or misleading representation on the part of the opposing party, or some other

person or cause in some way connected with it, and not within his control."

Are there any undenied facts in the present case to show that the petitioner intended to take an appeal, and that his failure to perfect it was the result of a reasonable and excusable misapprehension in consequence of what passed between him and the appellee, and between his counsel and counsel of the appellee? We think there were.

While counsel for the appellee "denies any agreement to extend the time or to waive his legal rights," the purpose of the defendant to appeal is admitted by him, and there was much conversation that he cannot remember, and he himself said "he had no doubt that Mr. Porter Graves (counsel for appellant) was honest in thinking he had time to perfect his appeal," but he (counsel for appellee) "was not to blame for such belief." But, as has been said, if the right of appellee to the writ depended solely upon the oral statements of counsel, in which they differ as to their recollections, the counsel for appellee denying that there was any waiver, the writ would be denied, but there are uncontroverted facts as to what transpired between the plaintiff himself and the defendant, guardian *ad litem*, well calculated to mislead him.

The petitioner, whose judicial duties did not permit his personal presence at Court when the case was tried, among other things, states in his verified petition:

"That your petitioner was not himself personally present at Court, being absent in the discharge of his official duties; that he returned home on the evening next following the adjournment of Court, intending to perfect an appeal to the Supreme Court in case the decision should be adverse to the interests of his wards, and upon reaching his home he was informed by his counsel, in the presence and hearing of the plaintiff, that the decision of the Superior Court had been adverse to the interests of his wards; that an appeal

had been prayed, and that, by consent, time had been given to perfect the appeal by filing the bond and making out a statement of the case, and the plaintiff, as affiant understood him, admitted this to be true."

Being thus induced to believe that time had been granted for perfecting the appeal, the defendant omitted to perfect it at that time and returned to his circuit.

During the latter part of .December, the petitioner called upon his counsel to prepare the statement of case on appeal, and was informed that no judgment had been recorded, and thereupon his counsel went out, saying he would "go to the office of R. L. Haymore, attorney for the plaintiff, and get the papers," and soon returned with them, and found therewith a paper purporting to be a judgment, signed by John A. Gilmer, Judge. Counsel for your petitioner then prepared a case on appeal for the Supreme Court, and immediately went out to serve it upon the said R. L. Haymore, and returned soon after and stated that said attorney refused to accept service, on the ground that it was too late—that the right of appeal had been lost. Thereupon, petitioner requested the plaintiff to go with him and his attorney to the office of plaintiff's attorney, R. L. Haymore, to see about the matter; and, after meeting in his office, Mr. R. L. Haymore said that the judgment had been signed by Judge Gilmer at Mt. Airy after the adjournment of the Court; that it had not been filed in the office of the Clerk of the Superior Court, but had all the time been in his (Haymore's) possession.

There was further conversation, in which S. P. Graves, attorney for the defendant, stated his recollection of what had occurred between himself and R. L. Haymore, attorney for the plaintiff, which had induced him to believe that time had been given by plaintiff's attorney to perfect the appeal, and counsel for plaintiff said in reply: "There was no direct agreement on my part to give time, but I have no

doubt Mr. Porter .Graves understood that he was to have time to perfect the appeal." The plaintiff said: "I am administrator, and want to do what is right. Mr. Haymore is my counsel, and he represents some of the creditors, and, unless he so advizes me, I will not allow the defendant to perfect his appeal, although I believe the defendant acted under the belief that time had been given to perfect it."

The judgment was rendered at the November Term, 1889. It is not denied that the petitioner, who was not present when the judgment was rendered, "returned home on the evening next following the adjournment of Court, intending to perfect an appeal," notice of which had been duly given, and that he omitted to perfect it at that time and returned to his circuit in consequence of what passed between him and his counsel and the plaintiff. Can it be doubted that but for what then transpired between the parties the appeal would have been then perfected? The petitioner was clearly misled, and returned to his circuit and failed to perfect his appeal, thinking, and reasonably thinking, without any *laches* or neglect of his own, that time was given to perfect the appeal, and that he could do so at the close of his circuit in December, in ample time for the February Term, 1890, of this Court. It has been frequently held that, under such circumstances, the writ would be granted. *Commissioners* v. *Steamship Co., supra*, and cases cited

But counsel for appellee says "the defendants failed to file an appeal bond within ten days, as by law required; indeed, no bond was ever filed by them—no excuse given for not doing so"; and he insists that, for this failure, the writ should be denied, and for this he cites *Wade* v. *Newbern*, 72 N. C., 498, and *Bowen* v. *Fox*, 99 N. C., 127.

The same causes that would entitle a party to a *certiorari* for failing to perfect the appeal would apply to a failure to file the undertaking on appeal. This was clearly admitted in *Wade* v. *Newbern, supra.* But counsel was not advertent

to the fact that the cases cited by him were prior to the Act of 1889, ch. 135, in relation to undertakings on appeal to the Supreme Court, by which the undertaking in this case is governed, and the necessary deposit has been made as authorized by that act.

The prayer of the petitioner is granted, and the writ of .*certiorari* will be issued.