DOE on the demise of AMELIA KIRKMAN vs. JAMES H. DIXON, *ei al.*

1. A judgment appealed from must be affirmed in this Court, no error being as signed on the record, in cases where the statement as prepared by the appellant has been returned with objections and the appellant had failed to apply to the Judge below, to give the parties a day to settle the case is prescribed by sec. 301, C. C. P.

2. In such case, upon proper affidavit, an order will be made to the Judge to certify a statement but if the Judge returns to such order that no application to settle the case had been made, the appellant as without remedy.

3. Whether relief in such case is obtainable under section 133, Code Civil Procedure, *quere*.

This was an appeal from a judgment rendered herein by His Honor, Judge Watts, at Spring Term, 1871, of Craven Superior Court.

In this Court a motion was made by the defendant's counsel to dismiss the appeal, based on affidavit that the case appearing in the transcript, which is *only* signed by the counsel for appellant, was returned by him to plaintiff with his specific amendments attached thereto.

Thereupon a notice was ordered to issue to Judge Watts, to show cause why a mandamus should not issue to him to compel him to forward the statement of the case.

To this Judge Watts responds, that no application was ever made to him to settle the case, &c.

The motion to dismiss being renewed at the present term on the calling of the cause, and nothing more appearing, the following opinion is delivered by the Court:

*J. H. Haughton* and *Battle & Sons* for the appellant.
*George Green* for the motion.

AMELIA KIRKMAN *v.* JAMES H. DIXON.

READE, J. When the plantiff appealed it was her duty to prepare a concise statement of the case, &c., and have the same served on the respondent.

What was intended to be such statement was prepared by the plaintiff, and was returned by respondent with his objections. It then became the duty of the plaintiff to apply to the Judge to give the parties a day before him to settle the case. *C. C. P.*, 301. This it seems, was not done by the plaintiff.

The case, therefore, being before us simply upon the record, and no assignment of errors, all that we can do is to affirm the judgment.

Upon affidavit and motion of plaintiff at June Term of this Court, an order was made that the Judge below certify a statement of the case, or show cause why a mandamus should not issue.

The Judge shows cause that no application had been made to him as required by *C. C. P.*, 301. And of course there is no ground for a mandamus.

Whether the *C. C. P.*, 133, allows of any relief for the plaintiff, by motion below, to have the judgment vacated, upon the ground of mistake, surprise, inadvertence, or excusable neglect and to have leave to amend the proceedings so as to make them conform to the provisions of the Code, is not now for our consideration.

There is no error. Affirmed.

PER CURIAM.                  Judgment affirmed.