BENJAMIN ROUSE v. GEORGE QUINN and others.

In a petition for a *Certiorari*, where the counsel on opposing sides make sworn, contradictory statements to each other, the Supreme Court will not decide between them; and taking no notice whatever of any pretended agreement between the counsel in the Court below, not appearing upon the record, this Court will hold the parties strictly to the provisions of the Code of Civil Procedure.

(The case of *Wade* v. *City of Newbern*, 72 N. C. Rep., 498; *Adams* v. *Reeves*, 74 N. C. Rep., 106, cited and approved.)

PETITION for a *Certiorari*, filed at this Term of the Court by the plaintiff in the cause, praying that an order issue to his Honor, Judge KERR, before whom the cause was tried at Spring Term, 1875, of DUPLIN Superior Court, to settle the case and transmit it to this Court.

It is alleged in the petition that the reason the appeal was not perfected in the time prescribed, was on account of the exceptions to the case as made up by plaintiff's counsel and the absence of the Judge from the district, more time was given than the ten days prescribed in the Code.

This is positively denied in the affidavit of the defendant's counsel, who states further, that he never at any time, during the whole proceeding, waived any right belonging to his client.

The Supreme Court declining to pass upon the issues raised by the affidavits, refused the motion for a *Certiorari*, and dismissed the original appeal for want of a case.

*Kornegay*, for petitioner.
*W. A. Allen*, contra.

BYNUM, J. The proceedings for perfecting the appeal were regular up to the time when the defendant filed his exceptions to the case as stated by the plaintiff.

Instead, then, of calling upon the presiding Judge to settle the case within the time and in the manner prescribed by law, C. C. P., secs. 299 to 314, the plaintiff persisted in his attempt to agree on a case, with the opposing counsel, until he lost his appeal by lapse of time. It does not appear from the record that the defendant waived the bar of the lapse of time, and that he did waive it is expressly denied by him.

The propriety of the rule governing appeals, as laid down in *Wade* v. *The City of Newbern,* 72 N. C. Rep., 498, and approved in *Adams* v. *Reeves,* 74 N. C. Rep., 106, is apparent in this case. We have the unseemly case of two counsel of this Court on opposing sides, making sworn statements, contradicting each other upon a matter which should have appeared of record, or not been denied. We have said that in such cases this Court will not decide between them. Their opposing oaths leave the matter at large, and the provisions of the Code, as expounded in the cases cited, must prevail.

The motion is denied. The plaintiff must pay the costs of the motion. The appeal is dismissed for the want of a case.

PER CURIAM.                                    Appeal dismissed.