*SAMUEL H. TAYLOR v. JOHN M. BROWER.

*Practice—Appeal to this Court.*

On appeals to this Court, if the parties by express agreement appearing upon record extend the time allowed by law for preparing cases this Court, such agreement will be respected; but if they disagree in regard to time or any material thing to be done, after the time allowed by law has expired, the rule of law governing appeals will be enforced.

(*Wade* v. *City of New Berne*, 72 N. C. 498, cited and approved.)

MOTION for a Certiorari heard at January Term, 1878, of THE SUPREME COURT.

The defendant filed his petition for a *certiorari* at June Term, 1877, of this Court, and upon the hearing at this term the motion was not allowed, and the petition dismissed.

*Messrs. Gray & Stamps*, for plaintiff.
*Messrs. Merrimon, Fuller & Ashe*, for defendant.

FAIRCLOTH, J.   The rule for perfecting appeals under C.

---

*Smith, C. J., having been of counsel did not sit on the hearing of this case.

TAYLOR *v.* BROWER.

C. P. was laid down in plain terms in *Wade* v. *City of New-Berne,* 72 N. C. 498, and has been since approved several times. If the parties by express agreement appearing on record extend the time allowed by law for preparing the case for this Court, their agreement will be respected; but if they disagree in regard to time or any material thing to be done after the time allowed by law has expired, the whole contention will be disregarded and the rule of law will be applied.

In the present case it was agreed, as we understand the affidavits, that the appellant would serve his statement at Yadkin Court. If this is not true, the appellant is without any ground to stand on, as no other time or place was designated, and the rule requiring it to be made, and copy furnished within five days from the entry of appeal, disposes of the question against him. It is admitted that no statement of the case was furnished the appellee at Yadkin Court, although an attorney of each party was present until the Court adjourned on Thursday of the first week; also, that no copy was furnished within the two weeks assigned to said Court, although opposing counsel resided in the same town and were there after the Court had adjourned.

It is alleged that the appellant's counsel who was relied upon to make out the statement of the case and serve it, went to Greensboro on professional business and expected to attend to the matter during the second week of Yadkin Court, but on hearing of the adjournment of Court, did not go. Admitting all this to be true, it furnishes no sufficient excuse to the appellant. The Court did not adjourn by accident, but as usual, only a day or two sooner than at former terms. The case was not made up according to the agreement, nor according to law. The motion for a *certiorari* is not allowed.

PER CURIAM.                    Motion denied.