*W. M. WALTON and others v. RICHMOND PEARSON, Executor, and others.

*Appeal—Certiorari.*

1. To the rule that appeals will· be dismissed on motion of the appellee if not perfected according to law, there are the following exceptions : first, Where the record shows a· written agreement of counsel waiving the lapse of time ; and secondly, Where the alleged agreement is oral and disputed, and'such waiver can be shown by the affidavit of the appellee, rejecting that of the appellant.

2. So, upon petitition for *certiorari* where it appears from the affidavit of the party resisting it, that there was an oral agreement to 'waive the " code time," the writ will be granted.

(*Wade* v. *Newbern*, 72 N. C , 498 ; *Adams* v. *Reeves*, 74 N. C., 106 ; *Rouse* v. *Quinn*, 75 N. C:, 354, cited and approved.)

PETITION for a *Certiorari* heard at January Term, 1880, of THE SUPREME COURT.

Messrs.. *Battle & Mordecai* and *J. M. McCorkle*, for plaintiffs.
*Mr. D. G. Fowle*, for defendants.

DILLARD, J. This action was brought to trial at fall term, 1879, of Catawba superior court, and on a waiver of trial by jury, the questions of law and fact were found by the court, and by consent of parties the decision of the judge was reserved until the court in Burke (which was to be held during the succeeding week), with some agreement between the parties touching the right of appeal from the judgment which might be rendered.

On the 12th of September, 1879, at Burke court, the judge made his decision upon the law and facts, in writing, with

* Smith, C. J., did not sit on the hearing of this case.

an endorsement in writing of "appeal prayed and granted, notice of appeal waived," and read it in the presence of some of the counsel on both sides, and the same was sent to Catawba to be filed in the case.

The judgment of the court was in favor of the defendants; and James Wilson and S. McD. Tate, having become assignees of the plaintiffs' claim and being dissatisfied with the judgment, executed an appeal bond within the time prescribed by law, as a preparation towards taking the case by appeal to the supreme court; and the making out of a statement of the case of appeal was left with the counsel who were to prepare, and did prepare it, and caused it to be presented to the defendants' counsel at Catawba court, who declined then to sign it, and it was afterwards presented at Iredell court, and again refused.

The right of appeal being thus lost, the said Wilson and Tate now present their petition for a writ of *certiorari* to bring the case up for review, as on appeal. On the hearing of the petition, after notice to defendants, affidavits are produced and read on the part of the plaintiffs tending to show an agreement between the counsel at the argument of the case at Catawba, to the effect, that either side might appeal from the decision of the judge (when he should make it) at any time during the circuit. And affidavits on the part of the defendants were also read tending to show that no such agreement was made, or if any, that it was indefinite as to time, and that the party desiring to appeal should take it within the time and in the manner prescribed by the statute, or at the least, within a reasonable time thereafter.

Upon this state of facts and the disagreement of counsel as to the taking of the appeal, we are called upon to decide whether under the rules of law and the practice in such cases, the plaintiffs are entitled to the writ of *certiorari.*

It is the duty of a party intending to appeal to make entry of the appeal on the record, to give notice thereof to the

adverse party, to file his appeal bond, and to make and serve on the appellee a statement of the case of appeal, and in default of an agreement upon a case, then to notify the judge and have him to appoint a time and place to settle the same. This is the course prescribed by the statute and ought always to be pursued; otherwise, the trouble arises which exists in this very case. The observance of this statutory requirement is not rigidly exacted from suitors, but cases may be and frequently are brought up and constituted in this court otherwise than is required by the statute, according to the special agreement of counsel. But disputes have so often arisen as to the terms of such agreements between counsel and parties on the respective sides, that this court has adopted the rule and promulgated it through its decisions, that it will respect no oral agreement for a deviation from the statutory mode of appeal, if the same shall be denied by either party, or the terms thereof are to be decided on conflicting affidavits, but will on motion dismiss the appeal. *Wade* v. *Newbern,* 72 N. C., 498; *Adams* v. *Reeves*, 74 N. C., 106; *Rouse* v. *Quinn,* 75 N. C., 354.

But a party may waive the lapse of time, and in case of controversy as to an alleged agreement to allow an appeal after the time specified in the code, if such waiver can be shown by the affidavits of the appellee, rejecting those on the part of the appellant, a motion to dismiss an appeal will not be allowed. So in case a right of appeal is lost by reason of not being perfected within *code time,* if upon a petition for a *centiorari* as a substitute, it can be collected from the affidavits of the party resisting the writ, rejecting those on the part of the party desiring it, that there was an agreement to waive a compliance with the rules of the code, the court will consider such waiver, notwithstanding the agreement may be oral, and disputed. *Adams* v. *Reeves, supra.* In accordance with this rule, on looking into the affidavits of the defendants, we find the fact to be, (stated by

WALTON *v.* PEARSON.

Mr. Folk, one of defendants' counsel) that it was agreed at Catawba that either party might appeal after the judge's decision was made, and that nothing was said about the time within which the appeal was to be taken, but that it was understood that either party was to have reasonable time within which to perfect his appeal. It also appears from the same affidavit that plaintiffs', by their counsel, presented a case of appeal at Caldwell court for signature, and again presented it at a subsequent court in Iredell, and on both occasions the counsel of defendants refused to sign it.

Upon these facts and circumstances, ought the writ of *certiorari* to be refused ? The plaintiffs were diligent to give their appeal bond within ten days after the judge's decision was filed, and this was all they could do personally in perfecting the appeal. The preparations of a statement of the case for this court was left with their counsel, who alone could take that step, and they relied on and trusted to them to do whatever else was required. It seems to us that under the agreement to dispense with the taking of the appeal within the time specified in the code, though indefinite as to its duration, it might have been reasonably expected by plaintiffs and their counsel, that it would be admissible to present their case at Caldwell court, at the distance of eight or ten weeks from the trial at Catawba, as there was still ample time to send forward the record before the next term of the supreme court.

The writ of *certiorari* is allowed, and the clerk will issue the same.

PER CURIAM.                                     Motion allowed.