J. M. HUTCHISON v. H. W. RUMFELT and another.

*Appeal—Certiorari.*

1. A *certiorari* will not be granted by this court, where an alleged oral
   agreement between counsel to await the decision of a certain other
   case, is denied.

2. In such case. an allegation that the petitioner was misled by a con-
   versation between his counsel and the counsel of his adversary, does
   not bring the case within section 133 of the code.

(*Wade* v. *Newbern*, 72 N. C., 498 ; *Rouse* v. *Quinn*, 75 N. C., 354 ; *Adams*
   v. *Reeves*, 74 N. C., 106 ; *Walton* v. *Pearson*, 82 N. C., 464, cited and
   approved.)

PETITION by plaintiff for a *Certiorari,* heard at June Term,
1880, of THE SUPREME COURT.

*Messrs. J. E. Brown* and *G. V. Strong,* for petitioner.
*Messrs Reade, Busbee & Busbee, Gilliam & Gatling,* and *A.
W. Haywood, contra.*

DILLARD, J.   In this case, McLean, one of the defendants,
by a motion in the cause sought to enjoin a sale of his

homestead under an execution, on the ground of its allot-ment under a previous execution, which not being excepted to nor appealed from was claimed to be *res adjudicata*, and upon other grounds; and on the 27th of February, 1879, His Honor, Judge Schenck, found the facts and ruling against the said McLean on all the other grounds, and held with him on the point of the estoppel of the previous allot-ment of the homestead and granted the injunction, from which judgment both sides made entry of appeal and of waiver of notice of appeal.

There being no necessity for a statement of a case of ap-peal, McLean, in whose favor the decision was, perfected the appeal on his part by giving an appeal bond within time so as to carry up the case for him, in the event that an ap-peal was taken on the part of the plaintiff; but on the part of the plaintiff no appeal bond was filed until the 31st of July next after, and at the last term of the court, on motion of McLean, the appeal was dismissed for the want of appeal bond within the time prescribed. See 82 N. C., 425.

The present petition is for a *certiorari* to relieve against the lost appeal on the ground of an alleged special agree-ment between counsel to await the decision of the supreme court in the case of *Gheen* v. *Summey*, (80 N. C., 187,) then be-fore it, and on the further claim of being misled by a mis-understanding of a conversation had by plaintiff's counsel with McLean's counsel.

The alleged special agreement between the counsel to await the decision of the case referred to in the supreme court before an appeal should be taken, is denied, and in such case there being no writing nor entry of record show-ing its terms, the rule is established and must be adhered to, that this court will not go into the matter of pass-ing upon the contradictory affidavits of counsel. *Wade* v. *City of Newbern*, 72 N. C., 498. *Rouse* v. *Quinn*, 75 N. C.,

354. *Adams* v. *Reeves,* 74 N. C., 106, and *Walton* v. *Pearson,* 82 N. C., 464.

The exception to the rule requiring an admission or a written memorandum on the record or elsewhere of a special agreement is where a waiver of code time is provable by the affidavits on the part of the party resisting the writ, as ruled in *Adams* v. *Reeves* and *Walton* v. *Pearson, supra.* Here, the waiver of the statutory requirements being expressly denied on the side of McLean, the plaintiff fails to bring his case within the exception, and must be refused the writ, unless relievable on the ground of being misled by an alleged conversation between the counsel of plaintiff and counsel of McLean, within the spirit of section 133 of the Code of Civil Procedure.

To hold that the plaintiff misunderstood and was misled by a conversation between his counsel and the counsel of his adversary, involves a decision that there was a conversation on the subject of dispensing with conformity to the statute, the terms thereof, and the reasonableness of plaintiff's being misled thereby, all of which, like the fact of the special agreement itself, rests upon the affidavits of the opposing counsel, and they being in conflict as to the subject matter of the conversation, as well as in respect to the terms thereof, we cannot undertake to hold that plaintiff was misled, or if misled, was excusably so, and on that footing to relieve against the dismissal of the appeal at the last term.

The writ of *certiorari* petitioned for is refused.

PER CURIAM. Petition refused.