In *Holmes* v. *Holmes,* from New Hanover:

RUFFIN, J. The petitioners, who are the defendants in the above entitled action, make application for a writ of

*certiorari* and assign the following reasons : That at a trial of the action had at June term, 1880, of the superior court of New Hanover, there was a verdict and judgment in favor of the plaintiffs, from which the petitioners appealed, giving due notice of their appeal and executing a bond. That no statement of the case on appeal was prepared and served within the time ; but their attorney had an understanding with the plaintiffs' attorneys that it would be satisfactory to all parties if such statement was prepared in time for the present term of this court ; which understanding was frequently recurred to and recognized by the attorneys of both parties. That about the 8th of January, 1881, petitioners' attorney prepared their case on appeal and submitted it to plaintiffs' attorneys, who received it, and after an examination, returned it with a statement of their objections. That the petitioners' attorney admitted the exception of the plaintiffs, but afterwards discovered that there was an admission in the statement which he had prepared, as to the effect of a certain deed, which he did not design making ; and thereupon he prepared another statement of the case, making the deed a part thereof, and omitting what was said about its effects in the former statement. That on presenting this last statement to plaintiff's attorneys, it was assented to without being read, but such assent was afterwards withdrawn. That the attorneys of both parties then had a meeting and attempted to reconcile their differences, but failing to agree, no statement of the case was made, and thereby the petitioners have lost their appeal. The petition is supported by the affidavit of *Mr. Ricaud,* who was of counsel for the defendants in the action.

The plaintiffs file a counter-affidavit of their attorney, *Mr. Bellamy,* who states the facts to be that after having returned with his exceptions, the statement first presented to him about the 8th of January, he was accosted on the streets by *Mr. Ricaud*—the latter having in his hand a roll of

papers which affiant supposed to be the case originally presented and returned with exceptions. That *Mr. Ricaud*, pointing to a certain sentence in the paper he held in his hand, said he would like to add the words, " a copy of which deed is hereto annexed, marked 'A'," to which affiant, still thinking that it was the original case, replied that he had no objection, but thinks he added that he would see his associate counsel about it; and that no case was ever presented to him for examination, or agreed to by him, in which the statement as to the effect of the deed was omitted, or to which a copy of the deed was attached as a part.

Adhering strictly, as this court feels bound to do, to the rule laid down in *Walton* v. *Pearson,* 82 N. C., 464, and the cases there cited, we can look only to the affidavit filed by the appellees to ascertain whether there was any understanding between the parties or their attorneys, that a strict compliance with the rules of the code, in regard to the manner of taking the appeal, would not be insisted on.

*Mr. Bellamy,* the attorney for the plaintiffs and the appellees in the case, files an affidavit in which he makes no denial of the allegation of the petitioners that there was such an understanding between counsel; but on the contrary, concedes that so late as January—nearly six months after the trial—he received from the attorney of the petitioners the statement of their case, which, after considering, he returned with his exceptions, but without any objection on the score of time; and that even after that, when approached on the street, he gave his assent to, what he supposed was, an alteration in it.

We cannot doubt, there was, if not an express agreement to waive a strict compliance with the requirements of the statute, a tacit consent to that effect acted on by the attorneys in the cause. Indeed the counsel who argued the motion here for the appellees, frankly stated that he did not deny that there was such an understanding, and that

he was willing still to carry it out; but that he could not agree to the case as prepared by the petitioners. From this it seems that the controversy between the petitioners is, at last, not so much over the petitioners' right to have their appeal, as over the manner of stating their case. As to the last matter, this court is powerless to help either of the parties, but they must settle it amongst themselves, or, if unable to do so, must invoke the aid of His Honor who presided at the trial. All we can do is to see that no one is improperly deprived of the right of appeal ; and this we do in this case by directing the *certiorari* to be issued as prayed for by the petitioners.

PER CURIAM.                                Motion allowed.