JAMES H. SCROGGS, Adm'r, v. MARY M. ALEXANDER and others.

### Appeal—Certiorari.

A *certiorari* will not be granted, first, where the agreement to waive the code-rule of making up case is oral and denied by either party; or secondly, where the terms thereof are to be decided by conflicting affidavits—except where the waiver can be shown by the affidavits of the appellee, rejecting those of the appellant.

(*Walton* v. *Pearson*, and cases cited, 82 N. C., 464, approved).

Petition for *certiorari,* as a substitute for an appeal, filed by defendants and heard at February Term, 1883, of The Supreme Court.

*Messrs. Robbins & Long,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendants.

Ashe, J.   The petition alleges, that in 1873 the plaintiff filed a petition in the probate court of Iredell county against all the defendants, for a final settlement of his administration of the estate of Adam R. Simonton, deceased, of which he was administrator *de bonis non* with the will annexed.

There was an appeal from the judgment of the probate court to the superior court, in term, and at fall term, 1882, judgment was rendered by said court against the petitioner, Mary M. Alexander, who appealed from the same, and the following appears of record:

"Fall term, 1882—Judgment: from the judgment, Mary M. Alexander appeals: appeal granted: notice of appeal waived: bond fixed at $50.  Plaintiff appeals from the judgment of the court: appeal granted and notice of appeal waived: bond fixed at $50.

The defendant, Alexander, filed a bond for the appeal during the term, which was accepted as amply good, and is on file in the clerk's office, and through her counsel, R. M. Allison, proposed making up the case, when the court informed him, "never mind, the court will fix up the case all right." The counsel, being thrown off his guard, did not tender a case to plaintiff in strict accordance with the Code, knowing that the rulings of the court on the exceptions, *pro* and *con*, contained in the record, were all that could be put in the case.

The petition further states that in November, 1882, Judge Avery, who rendered the judgment, visited Statesville to try a writ of *habeas corpus,* and then informed her counsel (Allison) that he would make up the case for the supreme court, and the

counsel relied upon the promise until he received, on March 10, 1883, a postal card from Judge Avery, stating that from letters received from several attorneys, the right of appeal was lost by her failure to give notice and to tender a case, which is not true, only as to tendering the case, for the reason as above stated.

The statements in the petition were supported by the affidavit of R. M. Allison, the defendant's counsel, who states the same facts, in substance, as those set forth in the petition.

Scroggs, the plaintiff, stated in his answer to the petition, that the final judgment rendered by Judge Avery was appealed from both by the defendant, Alexander, and himself, as will appear by reference to the record; that his appeal was perfected according to the provisions of the Code, his said appeal having no reference to any question between him and said defendant or the other distributees of the estate, but solely to a question incidentally arising between himself and J. H. Stephenson, administrator of Joseph F. Alexander, late executor of Adam R. Simonton, which question having been compromised between them, his appeal was withdrawn by consent of Stephenson—they being the sole parties interested therein. But the appeal of the defendant, Alexander, which he is informed and believes involves questions affecting the interests not only of himself as administrator *d. b. n.*, *c. t. a.*, but also of the said co-distributees, was never perfected according to law, by a service of the statement of the case upon the respondent, or his attorney at any time whatever, as he is informed and believes; that no waiver of the code-provisions in reference thereto, and no consent that the case might be made up by the judge himself, or in any other manner than the Code requires, was ever made or given by him or his counsel; that any averment which may be made in behalf of the petitioner that the above waiver was made or consent given, or that the judge proposed to make up the case and the same was assented to, this respondent positively denies; and he is also informed and believes that no such assent was given by any of the other appellees or their counsel.

The respondent further stated that one inducement to compromise with Stephenson was, that he was informed and believed that from the long delay of defendant, Alexander, her appeal had been withdrawn or forfeited; and that the withdrawal of his own appeal would expedite the settlement of the estate.

The answer of the respondent is sustained in every material statement by the affidavits of M. L. McCorkle, B. F. Long, T. S. Tucker and D. M. Furches, his attorneys.

The appeal of the defendant having been lost by her not complying with the requirements of the Code in making up cases on appeal, the question arises, has she brought herself within any exception to the rigid rule of code-practice, which it is insisted by the plaintiff should be enforced. Some exceptions have been recognized by this court, otherwise than by the special agreement of counsel as required by the statue, but the rule is never relaxed in a case where the agreement for a deviation from the statutory mode of appeal is oral and is denied by either party, or the terms thereof are to be decided by conflicting affidavits. *Wade* v. *Newbern*, 72 N. C., 498; *Adams* v. *Reeves*, 74 N. C., 106; *Rouse* v. *Quinn*, 75 N. C., 354. The only exception is where the waiver of the code-rule can be shown by the affidavits of the appellee, rejecting those on the part of the appellant. *Walton* v. *Pearson*, 82 N. C., 464; *Adams* v. *Reeves, supra.*

There is no such waiver to be gathered from the answer of Scroggs, the plaintiff, or from the affidavit of either of his counsel; but on the other hand, a positive denial that there was any such waiver. We think the plaintiff had the right to insist upon a strict compliance with the requirements of the Code, unless the defendant could show that the circumstances mentioned in the petition bring her case within some of the admitted exceptions, and we are of opinion they do not. The *certiorari* is therefore refused.

PER CURIAM. Motion refused.