W. W. McCANLESS v. H. W. REYNOLDS.

*Appeal Bond, justification of, &c*

An appeal will be dismissed on motion of the appellee where the undertaking is not filed within ten days after appeal taken, and not justified by one surety that he is worth *double* the amount specified therein. Verbal agreements to waive the statutory requirements will not be regarded.

(*Wade* v. *Newbern*, 72 N. C., 498; *Lytle* v. *Lytle*, 90 N. C., 647, cited and approved.)

MOTION of defendant to dismiss the appeal heard at October Term, 1884, of THE SUPREME COURT.

McCanless v. Reynolds.

*Messrs. Fuller & Snow,* and *E. C. Smith,* for plaintiff.
*Messrs. J. M. McCorkle,* and *Watson & Glenn,* for defendant.

MERRIMON, J.   The appeal in this case was dismissed at
the last term (*McCanless v. Reynolds,* 90 N. C., 648,) upon the
ground, that an undertaking upon appeal had not been filed
within the time prescribed by law, and the same had not
been waived.

The appellant at that term made application by petition
for the writ of *certiorari,* alleging that a proper undertaking
had been given, and if not filed within the time prescribed
by law, it had been filed by the consent of the appellee's
counsel, and the clerk had mislaid it, or at all events, failed
to attach it to and send it up with the transcript of the
record as he ought to have done.   Thereupon the appeal
was re-instated upon the docket, a diminution of the record
was suggested, and the writ of *certiorari* was awarded.

At the present term, the appellant produced and filed the
undertaking upon appeal given by him after the time within
which he had the right to give the same had elapsed.

The appellee again at the present term moved to dismiss
the appeal, because the undertaking upon appeal was not
given within the time prescribed by law, and upon the
further ground, that the undertaking was signed by but
one surety and was not properly justified.

The appellant filed affidavits to the effect that the counsel
of the appellee agreed at the time the appeal was taken that
the appellant might have time in addition to that allowed
by law within which to file the undertaking.   The counsel
for the appellee state upon affidavit, that they have no recol-
lection of any such agreement, and that they do not believe
that any was made.   They, in effect, deny that any agree-
ment to extend the time was made.

This court has repeatedly said, that it would not under-
take to reconcile conflicting affidavits, or pass upon their

weight, in respect to verbal agreements to waive the require-
ments of the statute in respect to appeals.   It is not denied
that the undertaking in this case was not filed within the
ten days after the appeal was taken.   No waiver of the time
appears in writing out of or in the record, nor was any sum
of money deposited with the clerk in lieu of an undertaking
by order of the court.   So that, upon this ground, the ap-
pellee is entitled to have his motion to dismiss the appeal
allowed.   *Wade* v. *Newbern,* 72 N. C., 498; Clarke's Code, 339.

But, if the undertaking upon appeal filed were treated as
having been filed within the time prescribed by law, it is
fatally defective, in that it is not properly justified.   The
surety fails to say in his affidavit of justification that he is
worth double the amount specified in the undertaking.
*Lytle* v. *Lytle,* 90 N. C., 647.   Motion allowed.

Appeal dismissed.