OFFICERS OF COURT AND HARRY SKINNER v. THEOPH-
ILUS BLAND.

*Appeal—Certiorari.*

The rule in reference to an oral waiver of the statutory mode of
appeal, announced in *Adams* v. *Reeves,* 74 N. C., 106, and the
case heres·cited, approved.

(*Adams* v. *Reeves,* 74 N. C., 106; *Rouse* v. *Quinn,* 75 N. C., 354; *Wal-
ton* v. *Pearson,* 82 N. C., 464 ; *Holmes* v. *Holmes,* 84 N. C., 833 ;
*Scroggs* v. *Alexander,* 88 N. C., 64 ; cited and approved.)

PETITION of defendant for writ of *certiorari,* heard at Oc-
tober Term, 1884, of THE SUPREME COURT.

See same case, reported in 87 N. C., 168, and 90 N. C., 6.

*Messrs. Strong & Smedes,* for petitioner.
*Messrs. Haywood & Haywood, contra.*

SMITH, C. J. The appeal in this case was dismissed at the
last term of this court for the reason that it was not prose-

cuted and the transcript filed for docketing at the term next succeeding that of the superior court at which the appeal was entered.

The case is again brought before us on an application for a writ of *certiorari* to bring up the record in order that it may be heard, based upon an alleged waiver of a strict observance of the rule prescribed in the Code of Civil Procedure for making the appeal effectual in the appellate court.

Accompanying the sworn petition are affidavits of the petitioner's counsel, which set out certain communications had with the plaintiff Skinner, from which they were induced to believe, and did believe, that a compliance with the provisions of the statute would not be insisted on, more especially as to the limitations of time, and consequently they were not strictly pursued in the preparation of the appeal and transmission of the record to this court. No positive agreement to this effect is stated in either affidavit, nor any facts from which a waiver can be inferred, except that Skinner expressed dissatisfaction at the statement of the case as made up, without intimating his intention to avail himself of the delay, and that in October he agreed that the argument might be postponed to the February term of the court. This agreement seems to have been understood by the affiant to embrace everything necessary to the constitution of the cause in this court, and its being heard upon its merits when reached.

The affidavits of Skinner, several in number, meet these allegations with an explicit and direct denial, except so far as relates to the deferring the argument in the cause, swearing that no waiver was consented to, nor intended, nor understood by himself to have been consented to, of any of the statutory requirements for perfecting the appeal, or any of his rights of exception to any omission to observe them.

While it may be true that counsel were misled into the

belief that the restrictions of the statute as to time would not be relied on, and perhaps this was not an unreasonable inference from all that transpired in reference to the appeal, there are other deviations in the course of proceeding, such as the failure to give a sufficient undertaking to secure the costs, which do not admit of the excuse.

Besides, the alleged waiver was many months after the imputed omissions, and could not have prevented the appellant from complying with the terms of the statute ; and hence, as the alleged understanding was, not to insist on certain legal rights after they had accrued, we cannot refuse to allow them when demanded, upon a suggestion that counsel without consideration promised not to press them, since he has not misled thereby to any neglect that otherwise might have been avoided.

It is, however, a well settled rule, not to inquire into and ascertain disputed facts, in a controversy as to whether there has been a waiver of the provisions of the statute, when it is raised by repugnant affidavits of the opposing parties and rests in parol. In such cases, the writ issues as a substitute for a lost appeal only when warranted by the evidence proceeding from the contesting party, in analogy to the relief given upon the " equity confessed " in an answer. The rule, as applicable to verbal agreements, rests upon numerous adjudications, and is salutary in its operation in practice. *Adams* v. *Reeves*, 74 N. C., 106 ; *Rouse* v. *Quinn*, 75 N. C., 354 ; *Walton* v. *Pearson*, 82 N. C., 464 ; *Holmes* v. *Holmes*, 84 N. C., 833 ; *Scroggs* v. *Alexander*, 88 N. C., 64. These rulings in all, except the first recited case, were made in answer to petitions for the writ of *certiorari* in place of an appeal, and are decisive of this. In the last case, referring to the Code-practice, ASHE, J. thus speaks : " It (the rule) is never relaxed in a case where the agreement for a deviation from the statutory mode of appeal is oral *and is denied by either party, or the terms thereof are to be decided by*

*conflicting affidavits.* The only exception is when the waiver of the Code-rule can be shown by the affidavits of the appellee, rejecting those on the part of the appellant."

We do not mean to say that in all cases of an appeal, lost for non-observance of the strict requirements of the statute, the remedy of the writ will be denied, unless warranted by the statements of the adversary party, or by the evidence adduced by him ; for in many cases it is issued upon a consideration of all the evidence, as shown by numerous adjudications. But the rule declared is enforced in applications based upon an alleged oral waiver of the statute, and that thereby the party has been misled into an omission to comply with its provisions, without which it would not have occurred. The very reason for the rule is to avoid the results of a misunderstanding on the part of opposing counsel and the circumstances thereby produced. Such, when they arise, must be left for correction to the counsel and their own sense of what is proper and due to each other.

There is no sufficient ground shown for the present application, and it must be denied, with costs.

Writ denied.