This action is pending in the Superior Court of Beaufort county, the object of it being the foreclosure of a mortgage executed by the defendants, Sparrow and wife, and the sale of the property embraced in said mortgage to pay the debt secured thereby.
It is alleged by the plaintiff that the defendants, Sparrow and wife, are insolvent; that the property included in the mortgage is not equal in value to the debt and interest secured thereby; that the interest has not been paid since June, 1885, nor have the taxes been paid by the defendants.
Upon a motion made in the cause for the appointment of a receiver, and continued and heard at Chambers, before Shipp, Judge, on the 15th of December, 1886, upon affidavits and counter-affidavits, G. Wilkins was appointed receiver to take charge of the property in controversy and rent it out, with the provisions that, "it is further ordered and adjudged, that upon the defendants, Sparrow and wife, executing a good bond to the plaintiff in the sum of $200, to cover the rents of said property, pending this suit, that they shall be allowed to remain in possession thereof."
From this order appointing a receiver, the defendants appealed, and this entry was made: "Appeal prayed and granted. Notice of appeal waived. Bond fixed at $50.00."
The appeal was not perfected, and this is a petition for a certiorari to have it brought up.
The defendant Sparrow files an affidavit, setting out at length the reason of his failure to perfect the appeal in time, which is, in substance, that on account of his sickness he was not able to attend to the matter, and there was an understanding and agreement with plaintiff's attorney that the time would be waived, and no advantage taken of the delay, and the subsequent refusal of the plaintiff's attorney to recognize this understanding and agreement.
To this affidavit, counter-affidavits are filed, one by the plaintiff, in which he denies absolutely that any further steps *Page 350 
were taken by the defendant to perfect the said appeal, after the entry of the grant of appeal and waiver of notice, or that there was any waiver of notice, or there was any waiver, either by himself or his attorney, of the statutory requirements necessary to perfect the appeal. Another affidavit, by E. S. Simmons and John H. Small, who made oath that they are and have been the only attorneys of record of the plaintiff, and they deny absolutely any understanding or agreement as alleged in plaintiff's affidavit, or that any conduct can be imputed to them, by which the defendants could have been misled or induced to neglect the requirements imposed by the statute in regard to appeals.
This Court cannot undertake to decide between conflicting affidavits, nor will it depart from its well established and published rule, not to recognize any agreement of counsel unless the same shall appear in the record, or in writing filed in the cause. We cannot undertake to settle such disputed facts as are presented in this case. But aside from this, the defendant does not point out any error sought to be appealed from, or show any meritorious ground of appeal.
The application for the writ must be denied.
Denied. *Page 351