DANIEL L. RUSSELL v. ANTHONY DAVIS and F. D. KOONCE.

*Appeal—Clerk of Superior Court—Certiorari.*

1. The duties prescribed for the Clerk of the Superior Court in respect to making and transmitting transcripts of records upon appeals are ministerial, and he has no authority to pass upon the question whether the appeal has been perfected.

2. If the appellee files no exceptions to the appellant's statement it will be treated as the case on appeal; if the appellee files exceptions and the appellant fails to have the case settled by the Judge, the exceptions will be treated as amendments to the case on appeal.

The facts are stated in the opinion.

*Messrs. D. L. Russell* and *Thos. Strange*, for the plaintiff.
*Messrs. John Devereux, Jr.*, and *S. W. Isler*, for the defendants.

MERRIMON, J.   This is an application begun by petition filed by the defendant at the last term of this Court for the writ of *certiorari* to compel the Clerk of the Superior Court of the County of New Hanover to transmit to this Court the transcript of the record of an appeal taken by the petitioner from a judgment rendered in that Court in favor of the plaintiff and against the petitioner at the Spring Term, 1887, thereof.

It appears that the petitioner duly perfected his appeal; that he tendered to the Clerk of the Superior Court the costs of transmitting a transcript of the record thereof to the Clerk of this Court; that the Clerk of the Superior Court refused to so transmit a transcript of the record, unless the petitioner "would consent with counsel for the plaintiff to a case agreed" for the "statement of the case on appeal," or would request the Judge to fix the time and place for "settling the case."   The petitioner had filed a statement of the case on appeal for this Court in the Clerk's office and served a copy thereof on the appellees, and contended that the latter had not returned the same within three days as required by the statute (*The Code*, § 550,) "with his approval or specific amendments endorsed or attached."   The Clerk contended otherwise, and that the case on appeal had not been settled by the Judge as the statute required, and therefore he ought not to transmit a transcript of the record to the Clerk of this Court.

The Clerk misconstrued the statute (*The Code*, § 551,) which provides that "The Clerk on receiving a copy of the case settled, as required in the preceding section, shall make a copy of the judgment roll and of the case, and within twenty days transmit the same duly certified to the Clerk of the Supreme Court."   This provision is directory.   It does not imply when an appeal is taken that the Clerk shall not transmit a transcript of the record if no case stated or settled on appeal shall be received by him.   He will not ordinarily

do so until the lapse of the time prescribed or contemplated in the next preceding section referred to within which such case should be filed in his office; but if it shall not be filed within that time, or if the appellant shall direct him to transmit the transcript to the Clerk of this Court, it is his duty to do so at all events. It may be that a case stated or settled is not necessary, or that it is delayed or prevented by causes over which the appellant has no control, to his prejudice, and he needs to have his appeal in this Court so that he can the better apply for such remedies as it can grant. The case stated or settled is not essential to the appeal. Nor is it the province of the Clerk to determine that an appeal shall or shall not be sent up, nor that the case stated or settled is or is not sufficient. If a case stated or such case with amendments endorsed or attached by the appellee be filed, or a case settled by the Judge be filed, the Clerk should send a copy of the same as part of the transcript and this Court will determine whether they are sufficient or not and their effect, and exercise its authority in that respect for any proper purpose. The duty of the Clerk in respect to the appeal is ministerial and the appellant has the right to have a transcript of the record thereof sent to this Court, when he may direct, and in the absence of special direction, the Clerk will transmit it in the orderly course as above indicated.

In this case, if it turns out that the copy of the case stated on appeal by the appellant was not duly returned with amendments endorsed or attached, then the case as stated by the appellant will be the case for this Court; if on the other hand, the same was so returned, then the case for this Court will be that stated by the appellant as amended by the appellee. It may, however, turn out that there are reasons why this Court ought, upon application, to direct the case to be settled by the Judge. But questions in this respect will be determined when the appeal is brought into this Court.

It appears that the petitioner perfected his appeal mentioned in the petition, and that the Clerk of the Superior Court, for no adequate cause, refused to transmit a transcript of the record thereof to the Clerk of this Court, as he ought to have done; he is therefore entitled to have the writ of *certiorari* directed to that Clerk commanding and requiring him forthwith to so transmit such transcript.

*Certiorari granted.*