### D. L. RUSSELL v. FRANK D. KOONCE.

*Appeal — Making up Case on — Excusable Mistake.*

Where there had been two defendants, as to one of whom a *nol. pros.* was entered, and a verdict and judgment against the other, who appealed and served a case on appeal upon plaintiff's counsel, and he having reason to believe that the attorney for the *nol. prossed* defendant was also attorney for the appellant, though such was not the fact, served his counter-case on such attorney: *Held*, upon motion, that it was proper to remand the case to be made up, as from the rendition of judgment, according to law.

MOTION TO REMAND, heard at the present term of this Court. The grounds of the motion appear in the opinion.

*Messrs. T. W. Strange* and *Sol. Weil,* for the plaintiff.
*Messrs. J. B. Batchelor, Jno. Devereux, Jr.,* and *S. W. Isler,* for the defendant.

SMITH, C. J. This action, brought against Frank D. Koonce and Anthony Davis, was tried at Spring Term, 1887, of the Superior Court of New Hanover, and a *nol. pros.* being

entered as to the latter, a verdict was rendered upon the issues in favor of the plaintiff, and he recovered judgment. Thereupon, the defendant Koonce appealed, and prepared and filed his case on appeal.   The plaintiff, in the way of exceptions, filed with the Clerk a counter-case, a copy of which was sent to H. R. Kornegay, supposed to be of counsel for the appellant, who, as appears from his affidavit filed in the case, denied that he represented the appellant at the trial, and returned the paper to the plaintiff's counsel by the next mail, with an endorsement to that effect.

The record, with copies of these papers, was subsequently transmitted to this Court, in obedience to a writ of *certiorari* so commanding, and came up for hearing at the present term.

The transcript shows that the said Koonce filed his own answer, while that of the other defendant was put in by Kornegay as his counsel.   It is stated in the affidavit of plaintiff's counsel, read before us, that Kornegay acted as counsel for both defendants, and it so appears of record, while in the explanatory affidavit of the latter he states that, during his argument before the jury, the plaintiff's counsel announced their purpose to enter a *nol. pros.* as to Davis, whereupon he remarked, that, although not the attorney of the defendant Koonce, as his line of defence was prepared for Davis, out of courtesy, he would pursue the argument in its application to Koonce.

The transcript only discloses the fact that the one answer bears the signature of " R. H. Kornegay, Att'y for def't Davis," the other that of " F. D. Koonce for himself."

It is obvious that the course of the action pursued, in preparing the case for this Court, is the result of misapprehension, and the counsel for appellee had reason to infer, from the continuance of the defence against the claim, after their purpose to enter a *nol. pros.* as to Davis was made known, that the same counsel represented both defendants.

It is, under these circumstances, proper that time now be allowed the parties to prepare the case on appeal, to prevent a failure of justice; and, to this end, we remand the cause to the Court below, with leave to them to proceed to make the case up, as from the rendition of judgment, in the mode prescribed by law, and, in case of disagreement, to be settled by the Judge who tried the cause.

Remanded.