*GEORGE H. MITCHELL v. T. W. HAGGARD.

*Settling Case on Appeal— Agreement of Counsel.*

1. When counsel misunderstand terms of written agreement as to time of settling case on appeal, and there is reasonable ground for being misled thereby, and the case, as served by appellant, is lost, the case will be remanded with leave to parties to serve case and counter-case *de novo,* and upon disagreement, case on appeal to be settled by the Judge, *nunc pro tunc.*

2. An agreement "plaintiff may have thirty days to file his case on appeal from adjournment of Court, and defendant thirty days thereafter," entitles defendant to thirty days after *service* of appellant's case.

CIVIL ACTION, tried before *Graves, J,* at Spring Term, 1888, of BERTIE Superior Court

Motion by appellant for a *certiorari.* Motion by defendant to dismiss the appeal.

The facts appear in the opinion.

*Messrs. R. B. Peebles* and *W. D. Pruden,* for the plaintiff.
*Mr. D. C. Winston,* for the defendant.

CLARK, J.: The counsel below in this case signed the following agreement: "It is agreed that plaintiff may have thirty days to file his case on appeal from the adjournment of Court, and the defendant thirty days thereafter, May 5, 1888" The Court adjourned on that day. The appellant served his case on appellee between May the 12th and 15th. The appellee's counsel files an affidavit that he served his counter-case on appellant's counsel on June the 25th, alleges that no application has ever been made to the Judge to settle the case on appeal, and thereupon asks to dismiss the appeal, or rather to affirm the judgment—as was done in

---

* Head-notes by CLARK, J.

*Kirkman* v. *Dixon,* 66 N. C., 406—or, at least, to have the appellant's case as amended by his exceptions taken as the case. *Russell* v. *Davis,* 99 N. C., 115.

The affidavit of appellant's counsel controverts this and asserts that no counter-case was served. Neither appellant's case, nor any counter-case, is on file in the Clerk's office, but appellant alleges that a copy of his case is on file in the Clerk's office, and asks for a *certiorari* to send this up as the true case on appeal.

Similar agreements are common on the circuit, but no case has heretofore arisen calling for a construction. The ambiguity in the one above set out attaches to the meaning to be given to the word "thereafter." If it meant thirty days after the service of appellant's case, then, though appellee served his counter-case on June 25th, as he alleges, he was too late, and the appellant's case should be certified alone as the "case on appeal." If, however, "thereafter" means thirty days after the expiration of the first thirty days, then defendant's counter-case, if served on June 25th, was in time, and the appellant was direlict in not "immediately" requesting the Judge to settle the case as required by § 550 of *The Code.*

The written agreement of counsel substituted the time specified therein—of thirty days to appellant to serve case and thirty days thereafter to serve counter case—for the statutory ten and five days, respectively, provided by chapter 161, Acts 1889, amendatory of *The Code,* § 550. The five days (formerly three) in which appellee can serve his counter-case is to be counted from the service of appellant's case on appeal, and not from the expiration of the ten days (formerly five). We are of opinion that the proper construction of the agreement would give appellee thirty days in which to make out his counter-case, *i. e.,* counting from service of appellant's case. If he wished for the other arrangement he could easily have specified "thirty days

after adjournment of Court, to serve case on appeal, and sixty days from adjournment to serve counter case," or use other unambiguous language.

Inasmuch, however, as the appellee evidently understood the words differently, and has been (not unreasonably) misled thereby, the Court would ordinarily continue the case till the controverted fact of service of a counter-case is found by the Judge below. *Walker* v. *Scott*, 102 N. C., 487. But in this instance neither the appellant's case nor the alleged counter-case is on file, and a further controversy will doubtless arise as to the contents of the defendant's counter-case (if it should be found to have been served), and possibly as to the correctness of the alleged copy of the plaintiff's case now on file. Under the peculiar circumstances of this case, the Court will remand it, with leave to appellant to serve a new case on appeal within ten days after a certified copy of this opinion is filed in the office of the Clerk of the Superior Court for Bertie County. If the appellee does not assent to such case, he will, in five days after the service thereof, serve his counter-case, and the case will be "settled" by the Judge who tried the cause, under the statutory provisions. The Clerk of said Court will notify counsel of both parties immediately upon receipt of the certified opinion of its purport. Upon "settlement of the case" in accordance herewith a duly certified copy will be transmitted to this Court.

Remanded.