PETER BOOTH v. ROBERT RATCLIFFE.

*Employer and Employee—Abandonment of Contract—Charge—*
*Legal Cause for Quitting Service.*

1. Where only the appellant's case on appeal is sent up, but it is further
   made to appear that it was served within the time allowed by law,
   and no exception thereto was taken, or counter-case served, it
   must be taken as the "case on appeal."

2. The defendant resisted an action of his employee for wages on the
   ground that he abandoned his service before the expiration of the
   contract.   The contract was that plaintiff should work for defend-
   ant a year for a fixed sum, and be furnished a house; nothing was
   said about when the money was to be paid at the time of contract,
   but afterwards, defendant said he would pay from time to time
   during the year as he had it, and as plaintiff might need it; that
   if either party became dissatisfied during the year work was to
   stop.   Defendant paid one dollar in February; he promised more
   in March, but did not pay it.   Defendant did not furnish a
   sufficient house: *Held*, (1) that the charge of the Court that upon
   the plaintiff's own showing he was not entitled to recover was
   error; (2) the plaintiff quit for good legal cause; (3) the contract
   amounted to an undertaking, which either party could put an end
   to at any time.

This was a CIVIL ACTION, begun March 25th, 1890, before
a Justice of the Peace, and tried on appeal before *Boykin, J.*,
at May Term, 1890, of VANCE Superior Court.

The plaintiff sued to recover $21.86 as wages for work on
defendant's farm from January 1st to March 22d, 1890.   The
defendant denied plaintiff's right to recover, claiming that
he owed him nothing and alleging that plaintiff had hired
to him for the year 1890, and left March 22d, 1890, without
cause.   He admitted payment to defendant of one dollar on
his wages.   Plaintiff admitted the hiring was for a year, but
claimed that he left defendant's employment for cause.

Upon the trial in the Superior Court the plaintiff offered
himself as a witness in his own behalf, and he testified that

he contracted to work for defendant on his farm during the year 1890 for $100, and was to be allowed twelve holidays, and be furnished a house to stay in, by defendant; that if either party became dissatisfied during the year with the bargain, he was to stop work; that at the time the contract was made nothing was said about when the money should be paid; that afterward defendant told him he would pay him from time to time during the year as he had it and plaintiff might need it, and asked plaintiff if he would sue him if he could not pay it all cash by the end of the year; that he, plaintiff, told defendant this would be satisfactory; that he would take portions of his wages whenever defendant desired to pay it; that defendant paid plaintiff one dollar on his said wages in February; that plaintiff, in March, asked defendant for some money on his wages, when defendant said he would sell some tobacco as soon as he finished sowing oats and pay plaintiff some; that the house in which defendant put plaintiff leaked very badly and wet plaintiff's bed frequently, and that plaintiff frequently asked defendant to repair the same, or patch the roof, or allow plaintiff to do so, but defendant would not, and that on March 22d plaintiff left defendant's employment for no other reason than that the house he was required to occupy was unfit to live in. On March 24th, when plaintiff went to defendant for a settlement, defendant told him he would not pay him if he left, but told plaintiff he could go into another house occupied by a tenant of defendant, who had rented it of defendant. This house had only one room, and the tenant had a wife who was about to be confined, and several small children. This witness declined to do.

Upon this evidence plaintiff rested his case, and his Honor thereupon stated that he would instruct the jury that, upon the plaintiff's own showing, he was not entitled to recover, and he did so instruct them, and, upon his instructions, the jury found the issue submitted for the defendant.

Plaintiff excepted, and assigned the said ruling as error. Judgment for defendant and plaintiff appealed.

*Mr. T. T. Hicks*, for plaintiff.
No counsel for defendant.

CLARK, J.: The appellant's case on appeal alone is sent up, but as it is further made to appear that it was served within the time allowed by law, and no exception thereto nor counter-case was served, it must be taken as the " case on appeal." *Russell* v. *Davis*, 99 N. C , 115; *Simmons* v. *Andrews*, 106 N. C., 201.

The only evidence before the Court, on the trial below, was the testimony of the plaintiff. Taking that to be true, while the hiring was by the year, it was also further agreed that either party could put an end to the contract at any time. Besides, the plaintiff quitted his employment for good legal cause.

Under these circumstances, it was error to instruct the jury that, "upon plaintiff's own showing, he could not recover" upon a *quantum meruit* for services rendered.

It also appears that there was no implied or express contract that nothing was to be paid till the end of the year, but the reverse, and for that reason, also, the plaintiff could recover, as was held in *Chamblee* v. *Baker*, 95 N. C., 98.

Error.