THE STATE v. J. W. PRICE et al.

*Appeal, Case and Exceptions— Certiorari— Laches— Notice,*
*Service of.*

1. The statute [*The Code*, §597 (2)] regulating the manner of service of
   notices, is applicable to service of case on appeal and exceptions
   thereto.

2. Defendants in a criminal action, served case on appeal upon the Solic-
   itor in due time, but it was agreed between counsel for appellant
   and the Solicitor that the latter should have fifteen days within
   which to file exceptions ; the exceptions were prepared and sent to
   the associate counsel of the Solicitor, who resided in the same town
   with the defendants' attorney, on the fifteenth day, with instruc-
   tions to hand them to defendants' counsel, but as he was absent it,
   was not done until next day : *Held*, that there was laches in not
   causing the exceptions to be served within the stipulated time,
   and defendants were entitled to a *certiorari* to send up their case,
   which would be substituted for that settled by the trial Judge.

MERRIMON, C. J., dissenting.

This was an APPLICATION for the writ of *certiorari* to bring
up defendants' case on appeal.

The appellant's counsel agreed, in writing, that the Solic-
itor should have fifteen days within which to serve his coun-
ter-case or exceptions to appellant's case.   On the fifteenth
day the counter-case was sent by the Solicitor to counsel who
had been employed to assist in the prosecution, who lived in
the same town (Monroe) with the defendants' counsel, and
it is alleged that the counter-case would have been served on
the latter day within the stipulated time, but defendants'
counsel was absent from home that day at Greensboro, and
on his return the next day the counter-case was served on
him.   The papers having been sent to the Judge, he notified
counsel of the time and place of settling the case on appeal.
The defendants' counsel did not attend, but wrote to the Judge
insisting that the counter-case, not having been served on

him till the day after the expiration of the agreed time, the Judge had no power to settle the case, and that the defendants' statement should be sent up as the case on appeal. The Judge found the facts as above stated, and proceeded to settle the case on appeal, which is in the transcript. The appellant now asks that the Judge's statement of the case on appeal be disregarded, and that a writ of *certiorari* issue to the Clerk to send up the defendants' statement of the case, to the end that the case in this Court should be argued thereon.

*The Attorney General*, for the State.
*Messrs. D. A. Covington, J. B. Batchelor* and *John Devereux, Jr.*, for defendants.

CLARK, J.: If the appellee files no exceptions within the proper time to appellant's case, the latter should be certified to this Court, and will be taken here as the case on appeal. *Russell* v. *Davis*, 99 N. C., 115; *Simmons* v. *Andrews*, 106 N. C., 201; *Booth* v. *Ratcliffe*, 107 N. C., 6; *State* v. *Carlton*, 107 N. C., 956. This, however, would not apply where the failure to serve the counter-case in time was without laches on the part of the appellee. *Russell* v. *Koonce*, 102 N. C., 485; *Mitchell* v. *Haggard*, 105 N. C., 173, and cases cited in *Simmons* v. *Andrews*, *supra*. The appellee contends that such was the case here, because the counter-case was in Monroe, and would have been served in time, but that this was prevented and made impossible by the absence of appellant's counsel. This contention loses sight of the fact that service of the counter-case could not be prevented by such absence. *The Code*, § 597 (1), provides that " notices and other papers" may be served on the attorney " during his absence from his office by leaving the paper with his clerk therein, or with a person having charge thereof, or when there is no person in the office, by leaving it between the hours of six in the morning and nine in the evening in a conspicuous place in

the office, or if it be not open to admit of such service, then by leaving it at the attorney's residence with some person of suitable age and discretion;" section 597 (2) provides for service of papers upon the party himself (*Turner* v. *Holden*, 109 N. C., 182); section 597 (4) provides that this mode of service shall not apply to "a summons or other proce·s, or of any paper to bring a party into contempt." It seems clear, therefore, that it applies to all other papers, including cases and counter-cases on appeal. It is reasonable that it should be so, since these must be served within a limited time; and if the statute did not apply, the service of cases and counter-cases would often be delayed or prevented by the temporary absence of the opposite counsel.

As the appellee is in default in not having served the counter-case within the time limited, the burden was upon him to rebut the presumption of laches. This he has not done, even as to service on defendants' counsel, nor has he shown any reason why the case was not served on the defendant himself in the absence of his counsel.

Had the appellee given the papers to the officer in sufficient time to secure service, and the officer had wilfully or negligently failed to serve them, the appellee would not have lost his right, if not guilty of laches, to have service made thereafter, and after the lapse of the prescribed time, if he acted with due diligence. But here there is nothing to excuse the laches in failing to serve the papers by leaving them at the counsel's office or residence, as above provided, or upon the defendant. Indeed, it does not appear that they were handed to an officer at all within the prescribed time. *State* v. *Johnson*, 109 N. C., 852.

In *Walker* v. *Scott*, 102 N. C., 487, where the facts as to the service of the case on appeal and counter-case within the time were in dispute, the Court held that the facts in regard thereto should be determined in the Court below, and when that was done, the Court here passed upon the law applica-

ble to such state of facts. *Walker* v. *Scott,* 104 N. C., 481. In the present case, these preliminary facts have been found by the Judge, and appear in the record. Upon them it appears that the appellee's counter case was not served within the time limited, and it has not been shown that such failure was without laches on the part of the appellee. An agreement between counsel to extend time is often convenient, and sometimes almost necessary, for the Judge has no power to grant the extension; besides, it is better in many ways, and saves debate, that the extension of time, if allowed, should be made by agreement. Such agreements, if made in writing, or admitted, are recognized as valid by Rule 39 of this Court, and by repeated decisions. *Wade* v. *Newbern,* 72 N. C., 498; *Sever* v. *McLaughlin,* 82 N. C., 332; *Taylor* v. *Brower,* 78 N. C., 8; *Adams* v. *Reeves,* 74 N. C., 106; *Rouse* v. *Quinn,* 75 N. C., 354; *Walton* v. *Pearson,* 82 N. C., 464; *Hutchinson* v. *Rumfelt,* 83 N. C., 441; *Scroggs* v. *Alexander,* 88 N. C., 64; *Holmes* v. *Holmes,* 84 N. C., 833; *Office* v. *Bland,* 91 N. C., 1; *McCanless* v. *Reynolds,* 91 N. C., 244; *Short* v. *Sparrow,* 96 N. C., 348; *Manufacturing Co.* v. *Simmons,* 97 N. C., 89; *Graves* v. *Hines,* 106 N. C , 323. In a late case, *Mitchell* v. *Haggard,* 105 N. C , 173, the Court not only recognized such agreement, but construed its meaning. When here fifteen days for service of counter-case was agreed on, the effect was merely to substitute fifteen days for the five days allowed by statute, leaving the rights of the parties in all other respects, including the manner of service of the counter-case, intact. The appellant is, therefore, entitled to have the case on appeal, as stated by him, taken as the true case on appeal, and a writ of *certiorari* to bring it up will issue as prayed for.

MERRIMON, C. J. (dissenting): The statute does not recognize or allow a practice that is observed by counsel and tolerated by the Courts whereby gentlemen of the bar, for their

common convenience, agree with each other to extend the time for stating and settling cases on appeal to this Court, and in some other cases beyond that prescribed by the statute. This practice is solely for the ease and convenience of counsel, and is allowed when it cannot prejudice their clients. When such agreements are made in an action, they should be liberally interpreted as between the counsel making them, and not allowed to prejudice the parties to the action or either of them. Accident, mistake, misapprehension, sudden brief absence of the opposing counsel, and the like considerations, should not be allowed to determine the agreement, unless the delay should be unreasonable and seriously prejudice the party insisting upon a strict observance of it. The practice should be thus liberal, else the Courts should uniformly require a strict observance of the statute. In the present case, the time for filing amendments by the appellee to the case stated on appeal by the appellant was extended fifteen days. Such amendments were prepared by the appellee's counsel, and steps were taken in good faith to serve the appellant's counsel with them on the fifteenth day of the time so specified, but it so turned out that the latter was absent from his office, attending Court at a distance on that day, and, on that account, he was not so served until the day after the time specified expired. The appellant, hence, insists that the service was not within the time so agreed upon, and therefore the case stated by him is the case on appeal for this Court. I think there was a substantial compliance with the agreement. The appellee's counsel attended to and prepared such amendments—he would have served the appellant's counsel with them within the time agreed upon but for the latter's absence—he was served with them the next day, and the appellant could suffer no prejudice by the slight delay so occasioned.

It is suggested that the appellee's counsel might have served the amendments within the time by having the

Sheriff deliver them at the office of the appellant's counsel in his absence. Such service would have had no legal effect. The statute makes no such provision—the agreement took the matter without the statute, and made it subject to the practice above pointed out. That practice, in my judgment, is not to be tolerated, unless it is subject to the just and liberal interpretation that I insist it must receive; otherwise, it may result, in possible cases that may frequently arise, in serious prejudice to litigants. *Owens* v. *Phelps*, 91 N. C., 253.

*Per curiam.*                                    Motion allowed.