P. D. B. ARRINGTON v. B. L. AND J. P. ARRINGTON, Executors.

*Practice—Appeal—Counter-case, service of—Settlement by Judge.*

1. Where appellant's case on appeal was served within the time prescribed on the appellee, who thereupon mailed his counter-case, with fees, to the Sheriff of the county where appellant's counsel resided, and the Sheriff, in due course of mail, should have received it in time to serve, but did not take it from the post-office until too late, no laches can be imputed to the appellee.

2. Where appellant's failure to send appellee's counter-case to the Judge to settle was caused by the fact that it was served too late the case will be remanded to the Judge for settlement.

This was an APPEAL by defendants S. L. and J. C. Arrington from a judgment of the Superior Court of VANCE County rendered in an action tried at Fall Term, 1893, before *Shuford, J.*

*Mr. R. B. Peebles,* for appellants.
*Messrs. Battle & Mordecai, contra.*

CLARK, J.: Let it be conceded that the agreement to extend time to serve case and counter-case on appeal applied only if the judgment had been rendered in vacation. The appellants' case on appeal was served on appellee's counsel on June 10, 1893, within the regulation ten days after adjournment of the term at which the judgment was rendered. On June 12, 1893, the said statement of case with appellee's exceptions thereto, with copies and fees, was mailed by appellee's counsel to the Sheriff of Northampton county, in which appellants' counsel resided, in a registered letter addressed to said Sheriff at the county-seat. This was the official residence of the Sheriff, and in due course

of mail he should have received the letter in ample time to have served the papers personally on appellants' counsel or by leaving the same at his office or residence (*The Code*, §597 (1); *State* v. *Price*, 110 N. C., 599) within the statutory five days. By some chance the Sheriff did not take the papers out of the office at Jackson till June 17th. Here there was no laches on the part of the appellee. *Yeargin* v. *Wood*, 84 N. C., 326; *Walker* v. *Scott*, 104 N. C., 481. Ordinarily, if on receipt of appellee's counter-case appellant does not send the case to the Judge to settle, he will be taken to have accepted the appellee's modifications of the case. *Russell* v. *Davis*, 99 N. C., 115. But here the appellant's failure to do so was caused by his *bona fide* contention that appellee's exceptions were served too late. Hence the case will be remanded "to be settled by the Judge who tried the cause." *Russell* v. *Koonce*, 102 N. C., 485; *Mitchell* v. *Haggard*, 105 N. C., 173.

Remanded.