STATE v KING.

*Practice—Appeal— Case on Appeal—Exceptions to Appellant's Statement of Case on Appeal*

The exceptions to the appellant's statement on appeal should be specific ; and, where they are so general as to leave the case indefinite, it will be remanded to the court below in order that it may be settled by the judge.

INDICTMENT for assault with deadly weapon with intent to kill, tried before *Robinson, J.*, at Fall Term, 1895, of GRAHAM Superior Court. The defendant was convicted and appealed.

*Attorney General* for State.

*Messrs. Shepherd & Busbee* for defendant (appellant).

CLARK, J : If the appellee does not accede to the appellant's statement of the case on appeal, *The Code*, Sec. 550, prescribes that the respondent shall return it with specific amendments thereto. It has been held that a counter case is a sufficient compliance with this requirement. *McDaniel* v. *Scarlock*, 115 N. C., 295. The same section further provides that on receiving the appellee's exceptions, the appellant " shall immediately request the judge to fix a time and place for settling the case before him." If the appellant does not do this, his statement as modified by the appellee's exceptions will be taken as the " case on appeal." *Russell* v. *Davis*, 99 N.C., 115; *Owens* v. *Phelps*, 92 N. C., 231. Or, if this would leave the matter too complicated, the Court would remand the case to be properly settled by the judge. *Arrington* v. *Arrington*, 114 N. C., 115 ; *Hinton* v. *Greenleaf*, 115 N. C., 5.

The exceptions filed by the appellee strictly ought to be

specific (or a counter case) so that the appellant if he sees fit, may accept them and modify his case accordingly. In the present instance the solicitor's exceptions to appellant's case are: " 1. For that the evidence is not correctly stated.  2. For that the instructions of the judge are not correctly stated." This practice has been so long and generally recognized that though it is not strictly a compliance with the law. we are loath to open up a new source of controversy over the details of the settlement of " cases on appeal," (matters which are apart from the merits of the controversy) by drawing the line as to what would be sufficiently specific amendments in different cases. It is clear that to take the appellant's statement of the case as amended by the exceptions would leave the case on appeal so indefinite as to be a nullity. The appellant will not be taken as having accepted them, but he should have called on the judge to settle the case. In view of the general nature of the appellee's exceptions, following the course taken in *Hinton* v. *Greenleaf, supra,* and *Mitchell* v. *Tedder,* 107 N. C., 358, the case is remanded that it may be settled, on notice to both sides, by the trial judge. If the appellee's exceptions shall be too bare in any given case, or if the appellant shall in any case too rashly deem the appellee's exceptions too general to send the case to the judge to settle, this Court has the right in the first instance to take the appellant's case, disregarding the appellee's exceptions; or, in the latter to disregard the appellant's case for not having referred the case to the judge. Each case must stand on its own basis. The safe rule is for the appellee to make his exceptions (or counter case) specific, and on the other hand the appellant, if there is any doubt whatever as to the exceptions being specific, should refer the case to the judge to settle. It is

enough to debate and decide the case on the merits.   Collateral disputes as to the manner of "settling the case" should always be avoided if possible.

